# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3135

_____

| | | |
|---|---|---|
| Gilo Ubaldo Menjivar, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review of |
| | * | an Order of the Immigration |
| Immigration and Naturalization | * | and Naturalization Service. |
| Service, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: May 14, 2001

Filed: August 7, 2001

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and BYE, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Gilo Ubaldo Menjivar petitions for review of the order of the Board of Immigration Appeals (BIA) affirming an immigration judge's decision to deny Mr. Menjivar's application for asylum. We affirm.

Mr. Menjivar, a native and citizen of El Salvador, who concedes his deportability, claims that he is entitled to asylum in the United States because of a well-founded fear of persecution on account of his political opinion and membership in a

particular social group. We are obligated to affirm the BIA's conclusion that Mr. Menjivar "was not eligible for asylum" if that conclusion is supported by " 'reasonable, substantial, and probative evidence on the record considered as a whole,' " *Immigration and Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), quoting 8 U.S.C. § 1105a(a)(4) (repealed 1996).[1]

The attorney general is authorized to grant asylum to a "refugee," 8 U.S.C. § 1158(b)(1), that is, as relevant here, to a person who does not want to return home "because of ... a well-founded fear of persecution on account of ... membership in a particular social group, or political opinion," 8 U.S.C. 1101(a)(42)(A). The petitioner's fear must not only be actual, it must be objectively reasonable as well, that is, the petitioner must show that "a reasonable person in the alien's position would fear persecution if returned to the alien's native country." *Ghasemimehr v. Immigration and Naturalization Serv.*, 7 F.3d 1389, 1390 (8th Cir. 1993) (*per curiam*).

Mr. Menjivar asserts that he deserted from the armed forces of El Salvador because of his opposition to being required to participate in what he calls the military mafia, an organization devoted to the systematic theft of government property. He testified that after he deserted the army he was advised that the military police were searching for him and he therefore feared persecution by them. He claims that he has a fear of persecution due to his opposition to organized corruption in the army and that this amounts to persecution on account of his political beliefs and his membership in a social group.

---

[1] Although Congress repealed § 1105a as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. 104-208, 110 Stat. 3009-546, 3009-612 (1996), the proceedings to deport Mr. Menjivar were instituted before IIRIRA's effective date and the final deportation order was entered long after IIRIRA's enactment. In such cases, our review continues to be governed by §1105a, and by some transitional rules not relevant to the issues here. *See Kratchmarov v. Heston*, 172 F.3d 551, 552 n.2 (8th Cir.1999).

We entertain some considerable doubt about whether Mr. Menjivar belongs to a "social group" within the meaning of the relevant statute. He argues that his social group consists of "all persons who have personal knowledge of this military mafia and specific knowledge of conduct by officers of the Salvadoran air force ... and for one reason or another in this case, desertion, have indicated their opposition or their disagreement or moral conviction against such conduct." Perhaps such a group might conceivably qualify for asylum, but we need not decide that issue because the BIA dismissed Mr. Menjivar's petition on a factual ground that we think was proper and that avoids the question.

The BIA concluded that Mr. Menjivar's fear of future persecution was not well founded because the events on which it was based occurred a decade ago, because conditions in El Salvador have markedly improved since the peace accords of 1992 that were backed by the United Nations, and because Mr. Menjivar's family has been unmolested. The BIA found as a fact that the likelihood of a person in Mr. Menjivar's position being persecuted was therefore so remote that no reasonable person in his position could entertain a fear of it. This finding is amply supported by the record, and we observe that it seems to us an especially reasonable one since Mr. Menjivar himself testified that he has no reason to think that anyone has been inquiring after his whereabouts in the last ten years. Mr. Menjivar's fear may indeed be subjectively real, but he produced almost no evidence that it was objectively reasonable.

We have considered Mr. Menjivar's other arguments and conclude that they are without merit.

For the reasons indicated, we affirm the order of the BIA.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.