# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1402

_____

Cesar Enrique Regalado-Garcia,      *
                                     *

        Petitioner,            *

                                       *     Petition for Review of an

      v.                            *     Order of the Board of

                                       *     Immigration Appeals.

Immigration and Naturalization      *

Service,                                   *

                                       *

        Respondent.          *

_____

Submitted: August 20, 2002

Filed: October 1, 2002

_____

Before WOLLMAN, RILEY, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Cesar Enrique Regalado-Garcia, a native and citizen of Mexico, petitions for review of a final order of the Board of Immigration Appeals (BIA). The BIA affirmed the Immigration Judge's denial of Regalado-Garcia's applications for asylum, withholding of removal, and voluntary departure. For the reasons stated below, we deny Regalado-Garcia's petition.

# I.

## A. Procedural Background

Regalado-Garcia entered the United States illegally in June 1991. In December 1995, he was arrested by Immigration and Naturalization Service (INS) officials in Fargo, North Dakota. The INS issued an order to show cause charging Regalado-Garcia with entering the United States without inspection. Deportation proceedings were held, which Regalado-Garcia did not attend, and a deportation order was entered against him in absentia on September 10, 1996. On January 28, 1997, Regalado-Garcia filed an application for asylum and to withhold removal pursuant to sections 208 and 243(h) of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1253(h) (1994).[1] An Immigration Judge denied Regalado-Garcia's application for asylum, withholding of removal, and voluntary departure, and ordered that he be deported to Mexico. Regalado-Garcia appealed to the BIA. On January 14, 2002, the BIA denied his application for asylum and withholding of removal on grounds that he failed to establish past persecution or a well-founded fear or clear probability of persecution in Mexico based on his membership in one of the five protected statutory classes. 8 U.S.C. §§ 1101(a)(42)(A), 1158, 1253(h) (1994); 8 C.F.R. § 208.13 (2001). The BIA also denied Regalado-Garcia's appeal of the Immigration Judge's denial of his request for voluntary departure under section 244(e) of the INA.[2]

---

[1]Congress revised the withholding of removal provisions, 8 U.S.C. § 1253(h), in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-546 (Sept. 30, 1996), as amended by the Extension of Stay in United States for Nurses Act of October 11, 1996, Pub. L. No. 104-302 § 2, 110 Stat. 3656. The withholding provisions are now codified at 8 U.S.C. § 1231(b)(3). See INS v. Aguirre-Aguirre, 526 U.S. 415, 420 (1999).

[2]Section 244(e) of the INA, codified at 8 U.S.C. § 1254, was repealed by the IIRIRA. Pub. L. 104-208, 110 Stat. 3009-615. We lack jurisdiction to review denial

## B. Factual Background

Regalado-Garcia contends that between 1983 and his departure from Mexico in 1991, he was persecuted by officers acting on behalf of the Mexican government because of his involvement in two Mexico City organizations, the Sindicato Unico de Trabajadores de Autotransportes Urbanos de Pasajeros Ruta 100, or Union of Urban Passenger Transportation Route 100 (SUTAUR-100), and the Movemiento Proletario Independiente, or Independent Proletariat Movement (MPI). SUTAUR-100 is the bus-workers union affiliated with Regalado-Garcia's then employer, Ruta-100, or Route 100 Bus Company (Ruta-100). MPI is a local political organization sponsored by SUTAUR-100. At the time, membership in SUTAUR-100 was required for Ruta-100 employees; Regalado-Garcia joined MPI in conjunction with membership in SUTAUR-100. Deductions for dues to both organizations were taken from the pay of Ruta-100 employees. Regalado-Garcia asserts that SUTAUR-100 and MPI are anti-government organizations. He contends he has a well-founded fear of continued persecution should he return to Mexico because of his involvement with these organizations.

## II.

The proceedings in this case began prior to April 1, 1997, the date on which the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) took

---

of Regalado-Garcia's request for voluntary departure. The IIRIRA's transitional rules preclude judicial review "of any discretionary decision under section 244 of the [INA]," the provision in question here. IIRIRA § 309(c)(4)(E); Antonio-Cruz v. INS, 147 F.3d 1129, 1130 (9th Cir. 1998). A grant of voluntary departure is such a discretionary decision. Shkukani v. INS, 435 F.2d 1378, 1380 (8th Cir. 1971).

effect. IIRIRA, Pub. L. No. 104-208, 110 Stat. 3009 (1996). Generally, IIRIRA's amendments do not apply to deportation proceedings or asylum actions initiated prior to that date. Fisher v. INS, 291 F.3d 491, 496 (8th Cir. 2002); Afolayan v. INS, 219 F.3d 784, 787 (8th Cir. 2000). Because Regalado-Garcia filed his petition for asylum on January 28, 1997, and the BIA's decision was issued after October 31, 1996, we cite and apply the pre-IIRIRA version of the INA. Fisher, 291 F.3d at 496. Our review is governed by the repealed section 1105a and by transitional rules not relevant to the issues presented on appeal. Menjivar v. INS, 259 F.3d 940, 941 n.1 (8th Cir. 2001).

We review the factual findings underlying the BIA's denial of an appeal under the substantial evidence standard. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Tang v. INS, 223 F.3d 713, 718 (8th Cir. 2000). We must deny Regalado-Garcia's petition for review if the BIA's finding is supported by "'reasonable, substantial, and probative evidence of the record considered as a whole.'" Menjivar, 259 F.3d at 941 (citing Elias-Zacarias, 502 U.S. at 481). We review the BIA's legal determinations de novo, "according substantial deference to the [BIA's] interpretation of the statutes and regulations it administers." Tang, 223 F.3d at 718-19.

## A. Asylum

The Attorney General may confer asylum on any refugee. 8 U.S.C. § 1158; Elias-Zacarias, 502 U.S. at 481; Francois v. INS, 283 F.3d 926, 930 (8th Cir. 2002). To qualify as a refugee, an alien must be outside of his or her country of nationality and "unable or unwilling to return to . . . that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A); Francois, 283 F.3d at 930.

Persecution is the infliction or threat of death, torture, or injury to one's person or freedom, on account of race, religion, nationality, membership in a particular social group, or political opinion. Fisher, 291 F.3d at 497 (citations omitted). While Regalado-Garcia was an active participant in SUTAUR-100 and MPI, attending protests and disseminating propaganda in Mexico City, the BIA did not find substantial evidence to establish that Regalado-Garcia was a victim of persecution in Mexico between 1983 and 1991 resulting from such involvement, as he alleges. Regalado-Garcia was never detained or arrested while participating in or advertising public demonstrations. Regalado-Garcia recounted two incidents to substantiate his claim of persecution: his brief detainment and questioning by alleged members of the judicial police and his alleged flight from unidentified individuals he presumed were police officers. Neither of these incidents resulted in physical injury or harm to Regalado-Garcia. As the Immigration Judge held, these discrete incidents do not constitute persecution. Thus, the record does not show substantial evidence of threats or specific incidents of violence sufficient to constitute persecution directed against Regalado-Garcia.

The BIA also did not find there to be substantial evidence that Regalado-Garcia has a "well-founded fear of persecution" on account of his participation in SUTAUR-100 and MPI. 8 U.S.C. § 1101(a)(42)(A). "An alien will be presumed to possess a well-founded fear of future persecution if past persecution is established . . . ." Francois, 283 F.3d at 930. Because past persecution was not established in this case, Regalado-Garcia's fear of future persecution cannot be presumed but must be shown. "The petitioner's fear must not only be actual, it must be objectively reasonable as well, . . . the petitioner must show that 'a reasonable person in the alien's position would fear persecution if returned to the alien's native country." Menjivar v. INS, 259 F.3d at 941 (citing Ghasemimehr v. INS, 7 F.3d 1389, 1390 (8th Cir. 1993)).

Regalado-Garcia has failed to show that his fear of future persecution is well-founded or reasonable. The BIA noted that more than a decade has passed since Regalado-Garcia was an employee of Ruta-100 and an active member of SUTAUR-100 and MPI. He did not maintain any connection with either organization after leaving Mexico. Regalado-Garcia did not present any evidence that his family members, including his brother, an employee of Ruta-100 and founder of SUTAUR-100, have been persecuted or harassed by the Mexican government during this time. The objective reasonableness of Regalado-Garcia's fear of future persecution is undermined further by the changed conditions in Mexico since 1991. See 8 C.F.R. § 208.13(b)(1)(i)(A); Menjivar, 259 F.3d at 942 ("[F]ear of future persecution was not well founded because the events on which it was based occurred a decade ago, [and] because conditions in El Salvador have markedly improved since the peace accords of 1992 . . ."). In 1996, the Mexican government reached an agreement with SUTAUR-100, authorizing the union to represent employees of two new bus lines in Mexico City.

After considering the evidence and Regalado-Garcia's contentions, we conclude that the record supports the BIA's determinations that Regalado-Garcia neither was a victim of persecution nor has an objectively reasonable and well-founded fear of future persecution. Accordingly, Regalado-Garcia does not a qualify as a refugee and is ineligible for asylum.

## B. Withholding of Removal

Regalado-Garcia must show a "clear probability" that he will face persecution in Mexico to have his removal withheld pursuant to section 243(h) of the INA. Francois, 283 F.3d at 932-33 (citation omitted). The "clear probability" standard is more rigorous than that of well-founded fear required for a grant of asylum. Id.

Because substantial evidence supports the BIA's denial of Regalado-Garcia's request for asylum, substantial evidence likewise supports the BIA's determination that Regalado-Garcia has not shown a "clear probability" of persecution by the Mexican government should he return to the country.

## III.

The petition for review is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.