# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-2818

_____

| | | |
|---|---|---|
| Maynor O. Gonzalez Ramos, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Immigration |
| | * | and Naturalization Service. |
| John D. Ashcroft, Attorney General of | * | |
| the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: February 14, 2003
Filed: March 10, 2003

_____

Before HANSEN, Chief Judge, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Maynor O. Gonzalez Ramos petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of Gonzalez Ramos's application for asylum and withholding of removal. For reversal, Gonzalez Ramos argues that the IJ erred in questioning the validity of his evidence, that the respondent failed to show conditions in Guatemala have changed, and that he demonstrated both past persecution and a well-founded fear of future persecution. After careful review, we deny the petition.

We agree with the BIA that the IJ's decision was supported by the record, as there was evidence that prior attacks on Gonzalez Ramos by guerrilla forces were not motivated by his race, political opinion, affiliation, or any other characteristic that provides a basis for asylum. See 8 U.S.C. § 1101(a)(42)(A); Fisher v. INS, 291 F.3d 491, 497-98 (8th Cir. 2002). Further, we believe the IJ's decision to discredit testimony to the contrary was well supported. See Perinpanathan v. INS, 310 F.3d 594, 598 (8th Cir. 2002). Although respondent was not required to show improved country conditions because Gonzalez Ramos did not establish past persecution on account of a protected characteristic, see Kratchmarov v. Heston, 172 F.3d 551, 553 (8th Cir. 1999), it nevertheless did so by introducing evidence that, since Gonzalez Ramos arrived in the United States, Guatemala's civil war has ended, the guerrillas have renounced violence, and indigenous populations who fled during the civil war have been returning to the country, see Menjivar v. INS, 259 F.3d 940, 942 (8th Cir. 2001).

Accordingly, we deny the petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.