# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-3534

_____

Haiam Kamal Elfarra,                                    *
                                                        *
            Petitioner,                                 *
                                                        *     Petition for Review of an
      v.                                                *     Order of the Board of Immigration
                                                        *     Appeals.
John Ashcroft, Attorney General of                      *
the United States,                                      *
                                                        *          [UNPUBLISHED]
            Respondent.                                 *
                                                        *
----------------------------------------                *
                                                        *
American   Immigration   Law                            *
Foundation,                                             *
            Amicus on Behalf                            *
            of  Petitioner.                             *

_____

Submitted: December 19, 2003
Filed: January 22, 2004

_____

Before LOKEN, Chief Judge, WOLLMAN and HANSEN, Circuit Judges.

_____

PER CURIAM.

      Haiam Kamal Elfarra petitions for review of an order of the Board of
Immigration Appeals (BIA) summarily affirming an Immigration Judge's (IJ's) denial

of her application for asylum and withholding of removal. After careful review of the record, we deny the petition.

Elfarra is a woman of Palestinian origin who was born in and lived in Saudi Arabia. Elfarra is not a citizen of Saudi Arabia because Palestinians are not allowed to become citizens. Elfarra argues that as a stateless Palestinian living in Saudi Arabia, she suffered discrimination, harassment, and denial of educational and employment opportunity on account of her Palestinian origin, and that she will suffer this treatment again if removed from the United States. She argues that this treatment amounts to a denial of her basic human rights so severe as to constitute persecution. She also asserts that because she is Palestinian and does not have a valid reentry permit or a valid sponsor in Saudi Arabia, she will not be allowed to enter the country.

We conclude that the denial of asylum and withholding of removal is supported by substantial evidence. Even assuming that Elfarra's fears are objectively and subjectively reasonable, the harms that she describes do not amount to persecution under the Immigration and Nationality Act. "Persecution is the infliction or threat of death, torture, or injury to one's person or freedom, on account of race, religion, nationality, membership in a particular social group, or political opinion." Regalado-Garcia v. I.N.S., 305 F.3d 784, 787 (8th Cir. 2002). Elfarra does not allege harm that meets this definition. She alleges no threats, torture, physical injury, arrests, or detention. She does allege a great deal of discrimination and numerous restrictions on her educational and employment opportunities. However, we have held that being denied the right to pursue the educational goals of one's choice and having economic or professional hardship is not persecution. Feleke v. I.N.S., 118 F.3d 594, 598 (8th Cir. 1997); Nyonzele v. I.N.S., 83 F.3d 975, 983 (8th Cir. 1996). See also Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (holding that "widespread legal and economic discrimination against [stateless] Palestinians" in Saudi Arabia does not amount to persecution); Najjar v. Ashcroft, 257 F.3d 1262, 1291 (11th Cir. 2001)

(holding that stateless Palestinians were not persecuted by being denied citizenship and entry privileges by Saudi Arabia); <u>Faddoul v. I.N.S.</u>, 37 F.3d 185, 188-91 (5th Cir. 1994) (holding that Palestinian born in Saudi Arabia did not suffer persecution where government denied him citizenship and discriminated against him).

Because Elfarra cannot meet the standard for asylum, the IJ correctly denied her request for withholding of removal. <u>Regalado-Garcia</u>, 305 F.3d at 788. Furthermore, there was no abuse of discretion in the BIA's summary affirmance under 8 C.F.R. 1003.1(a)(7) (2003). <u>Dominguez v. Ashcroft</u>, 336 F.3d 678, 680 (8th Cir. 2003). Finally, we grant Elfarra's request to stay the voluntary departure period and decree that it shall begin to run with the issuance of this court's mandate. <u>See</u> <u>El Himri v. Ashcroft</u>, 344 F.3d 1261 (9th Cir. 2003).

For the reasons stated, we deny the petition for review.

_____

3