**Svetlana PLOOM; Jaan Ploom, Petitioners,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 04–1586.

United States Court of Appeals, Eighth Circuit.

Submitted March 4, 2005.

Decided March 10, 2005.

Jerzy Guzior, Saliterman & Siefferman, Minneapolis, MN, for Petitioner.

Scott Baniecke, U.S. Immigration & Naturalization Service, Bruce Norum, Bureau of Immigration & Customs Enforcement, Department of Homeland Security, Bloomington, MN, Paul Schmidt, Executive Office for Immigration Review, Falls Church, VA, for Respondent.

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

PER CURIAM.

Svetlana Ploom and her husband Jaan Ploom, natives of Estonia, petition for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

The Plooms sought asylum on the basis of Svetlana's Russian ethnicity, alleging that in 1990 or 1991 there was a food shortage in Estonia and Svetlana was told that she should not receive a food-ration card because she was going to be thrown out of Estonia and there was not enough food even for Estonians. Jaan was able to obtain food for them from other sources and Svetlana received her food-ration card two or three weeks later. Because Svetlana did not speak Estonian, she was scratched and pushed by another child at age 7 and was told by the child's mother to get out of Estonia; Svetlana was once pushed by gang members, and was fired from her job as a food inspector; and she was threatened by a doctor that, unless she learned Estonian, he would not provide her medical treatment again. Jaan was demoted from a supervisory position at a bus company and his wages were reduced after his boss learned that he had married an ethnic Russian. The Plooms entered the United States in 1991 and feared returning to Estonia because they did not know Estonian and consequently they were unsure whether they would be able to find employment or housing.

The IJ denied asylum because the Plooms' allegations did not amount to persecution and any problems they might face in returning to Estonia would be caused by their lack of knowledge of the Estonian language, which was not persecution. The BIA dismissed the Plooms' ensuing appeal, agreeing with the IJ that the Plooms' experiences did not rise to the level of persecution, and they also had not established eligibility for withholding of removal or CAT relief. The Plooms now argue that the BIA's decision should be vacated because they established both past persecution and a well-founded fear of future persecution.

After careful review of the record, we conclude that the BIA's decision is supported by substantial evidence on the record as a whole. *See Menendez–Donis v. Ashcroft*, 360 F.3d 915, 917–19 (8th Cir. 2004) (standard of review); *Regalado–Garcia v. INS*, 305 F.3d 784, 787 (8th Cir.2002) (persecution is infliction or threat of death, torture, or injury to one's person or freedom, on account of protected ground); *Fisher v. INS*, 291 F.3d 491, 497 (8th Cir.2002) (harassment by private citizens does not rise to level of persecution); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (unfulfilled threats must be so menacing as to cause significant actual suffering or harm to constitute past persecution); *Feleke v. INS*, 118 F.3d 594, 598 (8th Cir. 1997) (isolated acts of violence do not compel finding of persecution; fears of economic hardship or lack of opportunity do not establish well-founded fear of persecution); *Minwalla v. INS*, 706 F.2d 831, 835 (8th Cir.1983) (persecution requires a threat to life or freedom; "economic detriment is not sufficient").

Thus, the Plooms' claim for withholding of removal necessarily fails as well, *see Regalado–Garcia*, 305 F.3d at 788 (withholding-of-removal standard is more rigorous than asylum standard), and we see no basis in the record for relief under the CAT, *see Habtemicael v. Ashcroft*, 370 F.3d 774, 780–82 (8th Cir.2004) (requirements for CAT relief).

Accordingly, we deny the petition. The Plooms moved for a stay of removal before

their voluntary-departure period expired, and we therefore deem this court's grant of their unopposed motion to include a stay of their voluntary-departure period as well. *See Rife v. Ashcroft,* 374 F.3d 606, 616 (8th Cir.2004).