# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1742

_____

Carlos Humberto Osorio-Guardado,       \*
          \*
        Petitioner,       \*
          \*   Petition for Review of an
     v.          \*   Order of the Board of
          \*   Immigration Appeals.
Michael B. Mukasey,[1]       \*
          \*   [UNPUBLISHED]
        Respondent.     \*

_____

Submitted: March 7, 2008
Filed: March 17, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Carlos Humberto Osorio-Guardado, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed the decision of an Immigration Judge (IJ) denying his application for asylum and withholding of removal.

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

After careful review of the record, we conclude that substantial evidence on the record as a whole supports the IJ's and BIA's findings that Osorio-Guardado did not suffer past persecution and did not have a well-founded fear of future persecution on account of imputed political opinion. See Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review); Quomsieh v. Gonzales, 479 F.3d 602, 605 (8th Cir. 2007) (when BIA adopts IJ's decision and adds its own reasoning, this court reviews both decisions together). Although his father was murdered by guerillas and his older brother was threatened, Osorio-Guardado presented no evidence that he had been harmed or threatened in the twelve years he lived in El Salvador following his father's murder. See Shoaira v. Ashcroft, 377 F.3d 837, 844 (8th Cir. 2005) (persecution is infliction or threat of death, torture, or injury to one's person or freedom, on account of race, religion, nationality, membership in particular social group, or political opinion); Regalado-Garcia v. INS, 305 F.3d 784, 787-88 (8th Cir. 2002) (petitioner who did not suffer harm or physical injury as result of discrete incidents did not suffer persecution). Further, Osorio-Guardado failed to offer specific and credible evidence that a reasonable person in his position would fear future persecution if returned to El Salvador--especially considering that his family moved to a safer town after the murder and that his mother and brother still live unharmed in El Salvador. See Makatengkeng v. Gonzales, 495 F.3d 876, 881 (8th Cir. 2007) (criteria to show well-founded fear of future persecution); Mohamed v. Ashcroft, 396 F.3d 999, 1006 (8th Cir. 2005) (ability to resettle in non-hostile region supported IJ's conclusion that petitioner had not established well-founded fear of future persecution); Francois v. INS, 283 F.3d 926, 932 (8th Cir. 2002) (finding of no well-founded fear of future persecution was bolstered by fact that family remaining in home country had not been harmed). Because Osorio-Guardado did not qualify for asylum, he likewise did not qualify for withholding of removal. See Regalado-Garcia, 305 F.3d at 788 (withholding-of-removal standard is more rigorous than asylum standard). Accordingly, the petition for review is denied.

_____