# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2151

_____

Iskandar Tjahya Winata,                    *
                                           *
            Petitioner,                    *
                                           *    Petition for Review of an
      v.                                   *    Order of the Board of
                                           *    Immigration Appeals.
Michael B. Mukasey[1], Attorney            *
General of the United States,              *        [UNPUBLISHED]
                                           *
            Respondent.                    *

_____

Submitted:  April 18, 2008
Filed:  July 18, 2008

_____

Before GRUENDER, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

      Appellant, Iskandar Winata ("Winata"), petitions for review of an order of the Board of Immigration Appeals ("BIA"), which adopted and affirmed the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2]

_____

      [1]Attorney General Mukasey is substituted as respondent pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure.

      [2]On appeal, Winata does not challenge the IJ's denial of his petition for relief under the CAT.

Winata, a Christian Indonesian of Chinese descent, petitioned for asylum, withholding of removal, and relief under the CAT on the grounds that he suffered past persecution in Indonesia on the basis of his ethnicity and religion, and that he had a well-founded fear of future persecution should he return to Indonesia. After a hearing, the IJ denied Winata's petition finding that Winata failed to establish that he suffered past persecution or had a well-founded fear of future persecution. The BIA adopted and affirmed the IJ's decision and added that Winata's testimony, even if credited, failed to establish a pattern or practice of persecution of Christians in Indonesia.

On appeal, Winata argues that the BIA erred by: (1) failing to apply the proper standard for asylum and withholding of removal; (2) failing to find that Winata established that he suffered past persecution or had a well-founded fear of future persecution should he return to Indonesia; and (3) failing to consider the 2003 U.S. Department of State International Religious Freedom Report and an email from the Vice Counsel of the American Embassy in Jakarta describing ongoing persecution against Christians in Indonesia.

"Because the BIA essentially adopted the IJ's opinion while adding some of its own reasoning, we review both decisions." Eta-Ndu v. Gonzales, 411 F.3d 977, 982 (8th Cir. 2005) (quoting Krasnopivtsev v. Ashcroft, 382 F.3d 832, 837 (8th Cir. 2004)). We review the denial of asylum and withholding of removal under the substantial evidence standard. Under this standard, the denial "must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)); Wijono v. Gonzales, 439 F.3d 868, 872 (8th Cir. 2006) (withholding of removal).

We conclude that neither the BIA nor the IJ erred in applying the standard for asylum or withholding of removal. See Makatengkeng v. Gonzales, 495 F.3d 876, 882 (8th Cir. 2007) (holding that to find past persecution petitioner must present evidence of harassment or hardship that rises to the level of persecution, which

includes the infliction or threat of death, torture, or injury to one's person or freedom on account of a statutory ground); Woldemichael v. Ashcroft, 448 F.3d 1000, 1004 (8th Cir. 2006) (holding that if petitioner failed to establish past persecution, to find well-founded fear of future persecution due to petitioner's membership in a particular group, petitioner must present evidence that she is a member of that group and that group has been subjected to a pattern or practice of persecution).  Next, the IJ's findings that Winata did not suffer past persecution or have a well-founded fear of future persecution are supported by substantial evidence on the record as a whole.[3] See Regalado-Garcia v. INS, 305 F.3d 784, 787-88 (8th Cir. 2002) (holding that discrete incidents which do not result in physical injury or harm are not sufficient to constitute past persecution); Tolego v. Gonzales, 452 F.3d 763, 766-67 (8th Cir. 2006) (denying petitioner's claim of a pattern or practice of persecution and relying in part on the 2003 and 2004 State Department Country Reports which showed a decline in violence against Chinese Christians in Indonesia); Woldemichael, 448 F.3d at 1004 (holding that petitioner's claim of well-founded fear of future persecution failed because he did not present evidence of "an objectively reasonable fear of *particularized* persecution.").

Finally, we reject petitioner's claim that the IJ failed to consider the State Department's 2003 International Religious Freedom Report or the email from the Vice Counsel of the American Embassy in Jakarta.  That evidence was admitted into the record before the IJ and the IJ expressly stated that he considered "all the documents in the record" in reaching his decision.  Moreover, the cited statements in the 2003

_____

[3]With respect to Winata's claim that he fears future persecution if forced to return to Indonesia, we note that the evidence that Winata willingly returned to Indonesia in 1995 to attend his sister's wedding and remained there, unharmed, for ten days supports the IJ's finding that Winata failed to establish an objectively reasonable fear of future persecution. See Eta-Ndu, 411 F.3d at 983 ("To establish a well-founded fear of persecution, the applicant must demonstrate the fear is both subjectively genuine and *objectively* reasonable.") (emphasis added).

Report and the email do not materially detract from the conclusions in the State Department Report, relied upon by the IJ, which noted the decline in violence and growing religious tolerance in Indonesia. See Celaj v. Gonzales, 468 F.3d 1094, 1097-98 (8th Cir. 2006) (holding that the IJ's failure to consider remarks in the Human Rights Watch and other State Department reports indicating persecution in petitioner's home country was not error when the statements cited by petitioner did not materially detract from the conclusions in the State Department report relied upon by the IJ).

Because Winata failed to establish a well-founded fear of future persecution, Winata's request for withholding of removal also fails. See Regalado-Garcia, 305 F.3d at 788 (affirming the denial of withholding of removal because the applicant failed to satisfy the less rigorous standard of well-founded fear of future persecution required for a grant of asylum). Accordingly, we deny the petition.

GRUENDER, Circuit Judge, concurring.

I fully concur in the Court's opinion and judgment. In addition, I explicitly would reject Winata's argument that the BIA erred by failing to apply the "disfavored group" analysis of the Ninth Circuit as discussed in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004). In rejecting the "disfavored group" analysis, I would join the other circuit courts that have rejected this judicially created alternative to the statutory and regulatory scheme. *See Kho v. Keisler*, 505 F.3d 50, 55 (1st Cir. 2007); *Kaharundin v. Gonzales*, 500 F.3d 619, 624-25 (7th Cir. 2007); *Wijaya v. Gonzales*, 227 Fed. Appx. 35, 38 n.1 (2d Cir. 2007) (summary order); *Lie v. Ashcroft*, 396 F.3d 530, 538 n.4 (3d Cir. 2005).

_____