# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3884

_____

Aura Argentina Villeda,     *
                                  *
         Petitioner,       *
                                  *    Petition for Review of
    v.                     *    an Order of the Board
                                  *    of Immigration Appeals.
Eric H. Holder, Jr.,[1] Attorney General,    *
                                  *       [UNPUBLISHED]
         Respondent.      *

_____

Submitted: April 22, 2009
Filed: April 27, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Aura Villeda, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's denial of Villeda's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

_____

[1]Eric H. Holder, Jr. has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Having reviewed the denial of asylum under the substantial-evidence standard, see Khrystotodorov v. Mukasey, 551 F.3d 775, 781 (8th Cir. 2008), we uphold the BIA's conclusion that Villeda neither suffered past persecution on account of a protected factor, see Quomsieh v. Gonzales, 479 F.3d 602, 606 (8th Cir. 2007) (absent physical harm, incidents of harassment and unfulfilled threats of injury are not persecution), nor offered credible, specific evidence that a reasonable person in her position would fear persecution if returned to El Salvador, see Makatengkeng v. Gonzales, 495 F.3d 876, 881 (8th Cir. 2007) (standard for showing well-founded fear of future persecution); Vonhm v. Gonzales, 454 F.3d 825, 828 (8th Cir. 2006) (violence against family members establishes objective fear of future persecution only when there is pattern of persecution tied to petitioner); Setiadi v. Gonzales, 437 F.3d 710, 714 (8th Cir. 2006) (general fear based on isolated acts of violence against someone other than petitioner is usually insufficient); Menjivar v. INS, 259 F.3d 940, 942 (8th Cir. 2001) (fear of persecution was not well founded because conditions in El Salvador markedly improved since 1992 peace accords).

Consequently, Villeda also failed to meet the higher burden of proof for withholding of removal, and her CAT claim fails as well. See Alemu v. Gonzales, 403 F.3d 572, 576 (8th Cir. 2005) (when petitioner fails to meet lesser burden of proof for asylum, reviewing court must likewise uphold denial of claim for withholding of removal; separate analysis of CAT claim is only required when there is evidence that alien might be tortured for reasons unrelated to claims for asylum).

Accordingly, we deny the petition.

_____