# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3945

_____

|  |  |  |
|---|---|---|
| Maricela Arellano-Hernandez, | * | |
| | * | |
| Petitioner, | * | Petition for Review of an |
| | * | Order of the Board of |
| v. | * | Immigration Appeals. |
| | * | |
| Eric H. Holder, Jr.,[1] Attorney General | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: September 25, 2008
Filed: May 4, 2009

_____

Before BYE, BEAM, and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

In this petition for review, Maricela Arellano-Hernandez challenges the Board of Immigration Appeals' (BIA's) decision affirming the denial of her application for cancellation of removal and denying her motion to remand. Specifically, Arellano-Hernandez argues the BIA abused its discretion in: (1) affirming the Immigration Judge's (IJ's) determination that her application for cancellation of removal under the

_____

[1]Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Violence Against Women Act (VAWA) was untimely; and (2) finding she failed to establish *prima facie* eligibility for such relief.  After careful review of the record, we deny the petition for review and affirm the BIA's decision.

I

Arellano-Hernandez is a native and citizen of Mexico.  She entered the United States on February 25, 1991, without being admitted or paroled.  On January 27, 2003, a Notice to Appear was filed charging Arellano-Hernandez with being removable pursuant to INA § 212(a)(6)(A)(i).  At a hearing before the IJ on February 13, 2003, Arellano-Hernandez admitted the allegations in the Notice to Appear and conceded removability.  Subsequently, she filed an application for cancellation of removal, submitting her removal would result in exceptional and extremely unusual hardship to her child who is a United States citizen.

On March 1, 2004, a final hearing was held before the IJ.  Prior to taking testimony, the IJ reviewed the exhibits in the record and inquired whether it was necessary to make any corrections to Arellano-Hernandez's application for cancellation of removal.  Counsel for Arellano-Hernandez requested the second box of Question 17 be checked to reflect Arellano-Hernandez's wish to be considered for VAWA cancellation.[2]  The IJ inquired why she was  bringing a new claim on the day of the hearing.  In response, counsel stated new issues were brought up in preparation for the hearing.  In particular, Arellano-Hernandez had revealed she had been sexually

---

[2]Question 17 of the EOIR-42B application form asks an applicant why she believes she is eligible for relief and directs her to "check all that apply."  The first box refers to cancellation of removal based on exceptional and extremely unusual hardship to a spouse, parent, or child.  The second box seeks relief on grounds the applicant or her child have been battered or subjected to extreme cruelty by a United States citizen or lawful permanent resident spouse or parent.  Prior to the final merits hearing, Arellano-Hernandez had only checked the first box.

abused by her father who, at the time the abuse took place, was a United States lawful permanent resident. The IJ refused to allow the amendment, deeming it untimely and therefore waived. The IJ explained:

> Well, it is essentially impossible for this Court to conduct business when respondents come in on the day of the hearing and change the case, offer no evidence, offer no advance notice to the Government or to the Court really, other than I guess Friday, I got an oral statement that this might happen. I mean, we can't do hearings like this. So, I'm not going to allow the respondent to proceed with this. In effect, by failing to bring this claim in a timely manner, I view she's waived it. Simple as that. It just, I don't understand. The case has been set for a hearing since May 2003, document deadline was January 2, 2004, and it's an untimely request so you've made your statement for the record. I'm stating that by failing to properly bring it to the Court's attention, she's abandoned that claim. So, we're going to proceed and hear evidence on the remaining claim.

During Arellano-Hernandez's testimony, government counsel objected to any references concerning the alleged sexual abuse. The IJ sustained the objections, reiterating he would not consider the VAWA cancellation claim.

Arellano-Hernandez's testimony at the final hearing can be summarized as follows: Arellano-Hernandez is a native and citizen of Mexico. She was born on February 25, 1978, in Guadalajara, Mexico, and entered the United States in February 1992, together with her mother and younger brother. They lived in California for a few months before moving to St. Paul, Minnesota, to live with her father, Jose de Jesus Arellano-Garcia, a lawful permanent resident of the United States. Arellano-Hernandez's parents were never married and separated approximately two years after the move to Minnesota. Following their separation, her mother moved to California where she married a United States citizen. Arellano-Hernandez remained in Minnesota where she resided with her grandmother (her father's mother) and her aunt.

In 1996, Arellano-Hernandez gave birth to a son, Oscar Nerado, a United States citizen. The child's father is Juan Pablo Noredo-Ramirez.[3] At the time of the hearing, Oscar was in second grade. Arellano-Hernandez testified he was healthy, had no problems at school, and spoke some Spanish. The basis for Arellano-Hernandez's claim for cancellation of removal was her removal would result in exceptional and extremely unusual hardship to her son.

Andrea Hernandez, Arellano-Hernandez's mother, testified on her behalf. Hernandez is a lawful permanent resident of the United States and lives in California. She testified she had been in a relationship with Arellano-Hernandez's father and gave two reasons for their separation: (1) Arellano-Garcia had an affair with another woman; and (2) sexually abused Arellano-Hernandez at a young age. Hernandez testified she reported the alleged abuse to a nurse in her clinic who subsequently notified the police.

Daphne Dumker, the mother of Juan Pablo Noredo Ramirez (the father of Arellano-Hernandez's child) testified about her inability to take care of Oscar if his mother was removed from the United States.

On June 19, 2006, the IJ issued an oral decision finding Arellano-Hernandez removable as charged, denying her application for cancellation of removal, and granting her voluntary departure. The IJ held Arellano-Hernandez failed to show her removal would result in exceptional and extremely unusual hardship to her son. The IJ noted "this [is] a very unpleasant case . . . [but] [w]hile the Court is very sympathetic to the respondent's situation, she just [did] not meet the hardship standard." The IJ also noted while Arellano-Hernandez checked the box on her application for cancellation of removal indicating she has been battered or subjected

---

[3]He was in jail at the time the testimony was taken and later removed from the United States.

to extreme cruelty by a United States citizen or lawful permanent resident, there was no evidence in the record to support such a claim. The oral decision made no mention of the timeliness issue, even though the IJ found the VAWA claim to be untimely and declined to consider it at the final merits hearing.

Arellano-Hernandez appealed to the BIA contesting the determination that she had not met the exceptional and extremely unusual hardship standard. In addition, she argued the IJ erred, as a matter of law, in not allowing her to present the VAWA cancellation claim, and moved the BIA to remand the case. On November 30, 2006, the BIA issued a decision dismissing Arellano-Hernandez's appeal. The BIA found the factual findings of the IJ were not clearly erroneous and adopted and affirmed the IJ's decision.

Regarding the VAWA cancellation claim, the BIA found the record reflected the claim was not timely presented to the IJ. Moreover, the BIA stated it was not evident Arellano-Hernandez had established *prima facie* eligibility for such a relief. The BIA noted the immigration status of Arellano-Hernandez's father was not established and the police report concerning the alleged abuse indicated she fabricated the claim. Given the inconclusive record, the BIA concluded there was no basis to remand and dismissed the appeal.

On appeal to this court, Arellano-Hernandez challenges the BIA's decision dismissing her appeal, arguing the Board abused its discretion in refusing to remand for a hearing on her VAWA cancellation application. Arellano-Hernandez contends the BIA should have reversed the IJ's determination that her VAWA cancellation application was untimely, and should have found she had established *prima facie* eligibility for such a relief.

## II

The BIA's decision is the final decision of the agency and subject to review by our court. Falaja v. Gonzales, 418 F.3d 889, 894 (8th Cir. 2005) (citing Ismail v. Ashcroft, 396 F.3d 970, 974 (8th Cir. 2005)). Where, as here, the BIA adopts and affirms the IJ's decision directly, we review both decisions. Aziz v. Gonzales, 478 F.3d 854, 857 (8th Cir. 2007); see also Eta-Ndu v. Gonzales, 411 F.3d 977, 982 (8th Cir. 2005) ("Because the BIA essentially adopted the IJ's decision while adding some of its own reasoning, we review both decisions.") (citing Krasnopivstev v. Ashcroft, 382 F.3d 832, 837 (8th Cir. 2004)). We review the BIA's legal determinations *de novo*, according substantial deference to the agency's interpretation of the statutes and regulations it administers, but not deferring to legal interpretations that are arbitrary, capricious, or manifestly contrary to statutory law. Patel v. Ashcroft, 375 F.3d 693, 696 (8th Cir. 2004) (citing Regalado-Garcia v. INS, 305 F.3d 784, 787 (8th Cir. 2002)). We review the BIA's denial of a motion to remand under the abuse of discretion standard of review. Id.

In addition, although the decision to grant cancellation of removal is a discretionary act by the Attorney General, which this court may not review, 8 U.S.C. § 1252(a)(2)(B), we may review "the predicate legal question whether the IJ properly applied the law to the facts in determining an individual's eligibility to be considered for the relief." Reyes-Vasquez v. Ashcroft, 395 F.3d 903, 906 (8th Cir. 2005). Constitutional claims or questions of law are reviewable by this court. Guled v. Mukasey, 515 F.3d 872, 880 (8th Cir. 2008).

Arellano-Hernandez argues the IJ's determination that her application for VAWA cancellation was untimely violated her statutory rights by denying her a reasonable opportunity to apply for relief. In support of this argument, she cites Zamora-Morel v. INS, 905 F.2d 833, 839 (5th Cir. 1990), where the request for relief was made after the parties rested and before the IJ rendered his decision. Holding the

-6-

IJ erred in finding the request for relief untimely, the Fifth Circuit stated an alien "should bring the request before the IJ as soon as there is a realization of the possibility of such relief . . . and before the IJ [makes] his decision." Id.

The government, relying on 8 C.F.R. § 1003.31(c), argues the IJ properly determined the request for relief was untimely, because it was raised after the document deadline set by the IJ. Section 1003.31(c) provides:

> The Immigration Judge may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived.

8 C.F.R. § 1003.31(c).

As the IJ noted, the document deadline was January 2, 2004, and Arellano-Hernandez did not present her VAWA cancellation claim until the final hearing on March 1, 2004. Arellano-Hernandez argues because she submitted her application for ordinary cancellation prior to the deadline, her VAWA cancellation claim should not be viewed as a separate application. The argument is without support, and we find no basis for making such a distinction. The language of the regulation clearly states the IJ has the authority to deem applications waived when submitted after the set deadlines. Therefore, the BIA did not abuse its discretion in affirming the IJ's determination that Arellano-Hernandez's VAWA cancellation application was untimely and waived. Further, because the application was untimely, the BIA was not required to rule on the merits of the VAWA cancellation claim, and did not abuse its discretion in denying the motion to remand.

III

For the foregoing reasons, we deny the petition for review and affirm the BIA's decision.

_____