Gladys Glenda BELLOT–PAUL, Petitioner

v.

ATTORNEY GENERAL OF the UNITED STATES, Respondent.

No. 09–2809.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 1, 2010.

Filed: Feb. 3, 2010.

---

Gladys Glenda Bellot–Paul, St. Thomas, VI, pro se.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Benjamin Zeitlin, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, JORDAN and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Gladys Glenda Bellot–Paul petitions for review of the final order of removal entered by the Board of Immigration Appeals ("BIA"). We will deny her petition.

### I.

Bellot–Paul petitions for review *pro se,* but she was represented by counsel before the Immigration Judge ("IJ") and the BIA. Bellot–Paul is a citizen of Dominica. She initially entered the United States in 1998, and an IJ ordered her removal but granted her leave to voluntarily depart, which she did. In 2002, she entered the United States again without being admitted or paroled, and the Government instituted removal proceedings on that basis. Bellot–Paul concedes removability and has not sought any relief on the basis of conditions in Dominica. Instead, the only relief she sought was cancellation of removal under what the IJ called the "battered spouse" provision, the provision of the Violence Against Women Act codified at 8 U.S.C. § 1229b(b)(2). That provision allows the Attorney General to cancel an alien's removal if, *inter alia,* he or she, or his or her child, has been "battered or subjected to extreme cruelty" by a spouse or parent who is a United States citizen or a lawful permanent resident. *See id.*[1]

At a hearing on February 25, 2008, counsel informed the IJ that Bellot–Paul intended to seek cancellation of removal. The IJ advised Bellot–Paul that she was required to fill out a Form EOIR–42B application for cancellation of removal and send it to a Department of Homeland Security ("DHS") service center in Texas, along with the fees for filing and fingerprinting. The IJ then set a deadline of July 3, 2008, for Bellot–Paul to be finger-

---

1. Neither the IJ nor the BIA reached the merits of Bellot–Paul's application, but we note that its basis is not entirely clear. The application itself does not state its basis. According to a Virgin Island Department of Health report and other reports that Bellot–Paul attached to a different filing, however, she is estranged from her husband, who apparently is a naturalized United States citizen and has custody of the couple's nine–year-old son. (A.100–105.) The reports further state that her husband has refused to allow her to visit her son, which has exacerbated what the reports refer to as her mood disorder, depression and chronic anxiety and stress. One of the reports recommends that, in the interest of Bellot–Paul's mental health, the IJ "assist her in obtaining a more permanent (stable) immigration status so that she can mount a more defensible case for custody of her son." (A.100.) We express no opinion on whether these circumstances, if established, would satisfy the requirements of 8 U.S.C. § 1229b(b)(2). We further note that, if the IJ had reached the merits of Bellot–Paul's application and denied it, we likely would lack jurisdiction to review that discretionary decision. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Mendez–Moranchel v. Ashcroft,* 338 F.3d 176, 179 (3d Cir.2003).

printed and to file with the Immigration Court the properly filed form along with the receipt indicating that the DHS had accepted it for filing. The IJ expressly and repeatedly warned Bellot–Paul that she would deem the application abandoned and order Bellot–Paul's removal from the United States if she did not receive the properly filed form together with the DHS fee receipt by July 3. (A.66–69.) The IJ also scheduled a hearing on the merits of the application for August 14, 2008.

On July 24, 2008, twenty-one days after the filing deadline, Bellot–Paul filed a motion for a continuance with the IJ. The sole basis for the motion was that Bellot–Paul had not yet received a filing receipt from the DHS or a fingerprinting appointment. Attached to the motion was evidence that Bellot–Paul had mailed her cancellation application with the required fees to the DHS on July 2 (the day before it was due to be filed along with the DHS fee receipt with the Immigration Court) and that the DHS received it on July 7. Also attached was the application for cancellation of removal, which did not bear a fee stamp from the DHS. The IJ denied the motion for a continuance, noting in the order that testimony would be received on August 14. The motion did not explain why Bellot–Paul waited until the day before her application was due to be filed with the Immigration Court to send it to the DHS.

The IJ held a hearing on Bellot–Paul's application on August 14 as scheduled. The IJ asked Bellot–Paul's counsel why he had waited so long to send the application to the DHS, but counsel never offered any explanation. (A.73–75.) The IJ then denied the application on the grounds that Bellot–Paul had abandoned it by failing to comply with the July 3 deadline, and also ordered her removal to Dominica. The BIA dismissed Bellot–Paul's appeal on the same basis, emphasizing the various filing requirements and the IJ's discretion to set deadlines. Bellot–Paul petitions for review.[2]

## II.

The only ruling that Bellot–Paul challenged before the BIA and challenges on review is the decision to deem her application for cancellation of removal abandoned because she did not file it by the deadline set by the IJ. Under 8 C.F.R. § 1003.31(c), "[t]he Immigration Judge may set and extend time limits for the filing of applications and related documents.... If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed

2. There is some question whether venue is proper in this case. Petitions for review of immigration cases are properly filed in "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). In this case, the IJ conducted proceedings from her office in San Juan, Puerto Rico, which lies within the First Circuit. Bellot–Paul, however, appeared by video teleconference from St. Thomas, United States Virgin Islands, which is where her proceeding was docketed and which lies within this Circuit. It is thus not immediately clear where her proceeding should be deemed "completed" for purposes of § 1252(b)(2). Cf. Georcely v. Ashcroft, 375 F.3d 45, 48 (1st Cir.2004) (noting that proceeding conducted in St. Thomas but likely docketed in Puerto Rico might be deemed "completed" in Puerto Rico because IJ's order was docketed there, but not deciding the issue); Ramos v. Ashcroft, 371 F.3d 948, 949 (7th Cir.2004) (holding that physical location of the IJ controls where cases are conducted by video teleconference, though in case where the proceeding was docketed in the IJ's physical location). We need not decide the issue, however, because the Government has conceded proper venue in this case and we see no reason to raise the issue sua sponte. See Bonhometre v. Gonzales, 414 F.3d 442, 446 n. 5 (3d Cir.2005) (noting that venue is not jurisdictional and declining to transfer case where the parties' presentations in this Court were complete).

waived." We review application of this provision for abuse of discretion. *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir.2008). Accordingly, we may not disturb it unless it is "arbitrary, irrational or contrary to law." *Khan v. Att'y Gen.*, 448 F.3d 226, 233 (3d Cir.2006) (denial of a continuance reviewed for abuse of discretion). In making that determination, we review only the BIA's decision because it issued its own instead of adopting that of the IJ. *See Rranci v. Att'y Gen.*, 540 F.3d 165, 171 (3d Cir.2008). We perceive no abuse of discretion here.

Bellot–Paul does not argue on review, and did not argue before the BIA, that the IJ misconstrued or misapplied any of the regulations governing filing. Instead, as the BIA properly explained, Bellot–Paul was required to submit the filing fee to the DHS, *see* 8 C.F.R. § 1003.24(a), and then to file her application with the Immigration Court together with either a fee receipt from the DHS or an application for a waiver of fees, *see, e.g.*, 8 C.F.R. § 1003.24(c)(1) ("When an application for relief is filed during the course of proceedings, the fee for that application must be payed in advance to the [DHS].... The fee receipt must accompany the application when it is filed with the immigration court.").

Nor does Bellot–Paul raise any colorable argument that the IJ or BIA acted arbitrarily or capriciously. She argues that the IJ erred in rejecting her application because she mailed it to the DHS before the deadline that the IJ set for filing it with the Immigration Court and that the amount of time the DHS takes to issue the necessary fee receipt is beyond her control. The IJ, however, specifically advised her on February 25, 2008, that she would have to file her application with the Immigration Court, together with a fee receipt from the DHS, by July 3. The IJ further specifically advised her that her application would be denied if she failed to do so. Yet Bellot–Paul waited for over four and one-half months until the day before her application was due to be filed with the Immigration Court before even sending it to the DHS. She provided no explanation for that delay before the Agency and provides none on review. Thus, we cannot say that the BIA abused its discretion in affirming the IJ's enforcement of the time limitation. *See Arellano–Hernandez v. Holder*, 564 F.3d 906, 911 (8th Cir.2009) ("[T]he IJ has the authority to deem applications waived when submitted after the set deadlines. Therefore, the BIA did not abuse its discretion in affirming the IJ's determination that [petitioner's] cancellation application was untimely and waived."); *cf. Khan*, 448 F.3d at 234–35 (rejecting similar challenge to denial of a continuance).[3]

Accordingly, we will deny the petition for review.

---

3. Bellot–Paul asserts, without further explanation and without citation, that the IJ erred in "taking action on my cancellation application" because, proper filing not having been effected, it lacked jurisdiction to do so. Bellot–Paul's single-sentence assertion is insufficient to raise this issue on review. *See United States v. Hoffecker*, 530 F.3d 137, 162 (3d Cir.2008). In any event, the IJ did not take substantive action on the application and plainly had the authority to deem it waived.

*See* 8 C.F.R. § 1003.31(c); *Arellano–Hernandez*, 564 F.3d at 911. Bellot–Paul also asserts that the circumstances described above denied her due process but, again, has provided no authority or specific argument in that regard. Nevertheless, Bellot–Paul has not shown that the IJ or BIA prevented her from presenting her case or that she suffered prejudice as a result. *See Khan*, 448 F.3d at 235–36.