# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3409

_____

Gabriel Setiadi,                                *
                                                *
            Petitioner,                         *
                                                *   Petition for Review of an Order
      v.                                        *   of the Board of Immigration Appeals.
                                                *
Alberto R. Gonzales,[1] Attorney General        *
of the United States of America,                *
                                                *
            Respondent.                         *

_____

Submitted: November 18, 2005
Filed: February 3, 2006

_____

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Gabriel Setiadi petitions for review of an order of the Board of Immigration Appeals ("BIA") that affirmed an Immigration Judge's ("IJ's") denial of his

---

[1] Alberto Gonzales has been appointed to serve as Attorney General of the United States and is substituted as the appellee pursuant to Federal Rule of Appellate Procedure 43(c).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We affirm.

I.

Setiadi, a citizen of Indonesia, arrived in the United States in April 2000 as a crew member of a cruise ship.  He did not return to his vessel and instead requested asylum, withholding of removal, and protection under CAT.  Setiadi alleged that he feared persecution and had been persecuted based upon his religion, Roman Catholicism.

In Indonesia, Setiadi married a Muslim woman, Anastasia Nunundhayaty.  In December 1999, Nunundhayaty converted to Catholicism.  They had two children and raised both of their children as Catholics.  Setiadi's other family members are also Catholic.  His family, including his wife and children, continues to live in Cirebon, Indonesia, without facing persecution.

Nunundhayaty's family did not approve of the inter-faith marriage.  The marriage created a family conflict between Setiadi and Nunundhayaty's family.  In particular, Nunundhayaty's brother Agus had substantial difficulty with the marriage.  Setiadi alleges that Agus is a member of an extremist Muslim group.  However, there is no allegation that Agus is affiliated with or has any influence with the Indonesian authorities.  Setiadi also alleges that Agus twice slapped Nunundhayaty and threatened to kill Setiadi.  Setiadi further stated that following one of the slaps, Nunundhayaty, who had a history of depression, harmed herself in a possible suicide attempt.  Setiadi alleged that, in a separate incident, someone in Nunundhayaty's family threw a bottle at her.  Nothing in the record indicates that any of these incidents were reported to the police.  While some details of the treatment

Nunundhayaty received from her family are in dispute,[2] there is little doubt that her marriage to Setiadi caused considerable strife in her family.

Setiadi also alleges that a friend of his father was stabbed and killed. Setiadi believed that Muslims were responsible for his death. He stated that the police never identified the killer(s). There is no further evidence in the record concerning that death except for Setiadi's assertions.

Setiadi further alleges that, in 2002, a crowd of men beat his brother. According to Setiadi, the attackers were motivated because they believed his brother was Christian. The police arrived after the attack and took Setiadi's brother home, but never identified the attackers. Setiadi believes his brother's attackers were Muslim.

Setiadi has not alleged that he was personally harmed or harassed by Indonesian authorities because of his religion. Setiadi fears that the government will grow to support Muslim extremism and become a threat to himself and his family. However, only his testimony supports that speculation. Setiadi cites the riots of 1998 to show persecution against Christians. Setiadi himself was not a witness to the riots because he was out of the country. There is nothing in the record about how his life or the status of Christians was substantially affected by the riots.

The IJ, after a merits hearing, denied Setiadi's applications for asylum, withholding of removal, and protection under CAT. The IJ found Setiadi credible, but did not offer relief. The IJ did not find that Setiadi's allegations were legally

---

[2] Upon appeal, Setiadi recasts an incident alleging that his wife was briefly kidnaped by her brother and his friends. However, we find no error with the IJ's assessment of the facts surrounding this incident and defer to that understanding. Regardless, like the other examples of intra-familial conflict, the wrongful conduct was allegedly directed by Agus and never reported to the Indonesian authorities.

sufficient to support a claim of asylum, withholding of removal, or protection under CAT.

Setiadi appealed the decision of the IJ to the BIA. The BIA adopted and affirmed the decision of the IJ with additional reasoning. Specifically, the BIA found that Setiadi neither proved persecution was nationwide nor that it was unreasonable for him to relocate within Indonesia.

Setiadi appeals to our court the decision of the BIA and the IJ, insofar as the BIA's decision incorporates the reasoning of the IJ.

## II.

When the BIA adopts the IJ's decision, but adds reasoning of its own, we review both decisions. Krasnopivtsev v. Ashcroft, 382 F.3d 832, 837 (8th Cir. 2004). A BIA finding of fact is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B). Under this standard, we will uphold an IJ's determination denying asylum unless "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). "We review the BIA's legal determinations de novo but recognize that its interpretation of the [Immigration and Nationality Act] is entitled to deference." Nyirenda v. INS, 279 F.3d 620, 623 (8th Cir. 2002).

## III.

We find no error with the IJ's finding that Setiadi did not suffer past persecution while in Indonesia. Past persecution does not normally include unfulfilled threats of physical injury, like those made by Agus against Setiadi. Meas v. Ashcroft, 363 F.3d 729, 731 (8th Cir. 2004) (citing Lim v. INS, 224 F.3d 929, 936

-4-

(9th Cir. 2000)).  Even minor beatings or limited detentions do not usually rise to the level of past persecution.  <u>Kondakova v. Ashcroft</u>, 383 F.3d 792, 797 (8th Cir. 2004).  Further, a personal dispute without connection to government (in)action is not usually grounds for a finding of past persecution.  <u>See, e.g.</u>, <u>Eusebio v. Ashcroft</u>, 361 F.3d 1088, 1092 (8th Cir. 2004).

The IJ acted as a reasonable factfinder in finding a lack of past persecution.  Setiadi neither suffered physical injuries nor was detained by the government.  Setiadi was allowed to practice his religion freely and was also permitted to have an inter-faith marriage.  His wife did not suffer serious injury from being slapped by her brother.  Setiadi's allegations show a significant family conflict, but do not establish that he has suffered past persecution.

While the record does show tension and conflict between Muslims and Christians in Indonesia, that alone is insufficient to show actual past persecution.  Setiadi has not been the victim of any violence related to that tension.  Further, his limited testimony about the actions of the authorities indicates they have been responsive to concerns by him and his family about the persecution of Christians.

Setiadi's complaints focus on the conduct of his brother-in-law, Agus, who has no connection to the Indonesian government.  Setiadi never reported any of the threats or incidents related to Agus to the police.  Thus, Setiadi's argument that the government was unwilling to help is not supported by any facts in the record.  Merely alleging government inaction is not enough; a petitioner "must show that the government 'condoned [the private conduct] or at least demonstrated a complete helplessness to protect the victims.'"  <u>Menjivar v. Gonzales</u>, 416 F.3d 918, 921 (8th Cir. 2005) (quoting <u>Galina v. INS</u>, 213 F.3d 955, 958 (7th Cir. 2000)).  Setiadi has failed to make any such showing.

Therefore, we find no error with the IJ's finding that Setiadi did not suffer past persecution in Indonesia because of his religion.

## IV.

For similar reasons, we find no error with the IJ's decision regarding a well-founded fear of future persecution. To prove a well-founded fear of future persecution, a petitioner "must show both that he [or she] actually fears persecution and that a 'reasonable person in the alien's position would fear persecution if returned to the alien's native country.'" Berte v. Ashcroft, 396 F.3d 993, 996 (8th Cir. 2005) (quoting Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002). We defer to an IJ's credibility determination of whether a well-founded fear exists if the IJ had "specific, cogent reason for disbelief." Ghasemimehr v. INS, 7 F.3d 1389, 1391 (8th Cir. 1993).

It is insufficient to allege a generalized fear of persecution because of isolated acts of violence to those other than the petitioner. Nyonzele v. INS, 83 F.3d 975, 983 (8th Cir. 1996). Rather, Setiadi must show a fear of particularized persecution as to himself or a group to which he belongs. Ngure v. Ashcroft, 367 F.3d 975, 991 (8th Cir. 2004).

Setiadi was unable to show that any persecution of Christians was nationwide.[3] Further, the fact that his family has remained unharmed in one of the most contentious areas of the country undermines Setiadi's general claims. See, e.g., Krasnopivtsev, 382 F.3d at 839 (noting that when family members are safe in the home country and the petitioner had not been singled out for persecution, the claim of future persecution is weakened). The Indonesian constitution allows for freedom of religion. Further, the country reports indicate that the government has been generally effective in protecting that freedom since the 1998 riots.

Setiadi's fear of the riots is too generalized to constitute a reasonable fear of future persecution. See Mohamed, 396 F.3d at 1003 (noting that "the harm suffered must be particularized to the individual. . . . Harm arising from general conditions such as anarchy, civil war, or mob violence will not ordinarily support a claim of persecution."). At the time of the riots, Setiadi was not even in the country; he was working on a cruise ship. Further, Setiadi knowingly decided to return to the country from his ship after the riots had ended. In his testimony, Setiadi admitted that he did not fear returning to Indonesia following the riots. It was not until later, when his brother-in-law threatened him, that he felt he was no longer safe in Indonesia. The threat from Agus alone cannot support a claim of a well-founded fear of future persecution.

---

[3] Setiadi argues that the BIA erred when it found he could relocate internally within Indonesia. The petitioner must show that "it would be unreasonable to expect [him or her] to relocate." Mohamed v. Ashcroft, 396 F.3d 999, 1006 (8th Cir. 2005). We can find nothing in the record to support the contention that the BIA did not properly consider all of the factors relevant to the reasonability of internal relocation. Moreover, despite Setiadi's allegations that Cirebon is a particularly dangerous area for Christians, his family and church remain unharmed there. This supports the BIA's finding that there are many possible areas in Indonesia where Setiadi and his family could relocate.

## V.

Because Setiadi has failed to meet the standard for asylum, he necessarily fails to meet the standard for withholding of removal.  Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005).  The finding denying asylum for Setiadi does not preclude protection under CAT.  However, there is nothing in the record in terms of mistreatment of Setiadi to justify protection under CAT.

## VI.

For the foregoing reasons, we deny the petition for relief.

_____