**Jamal MADHANI, Sushma Madhani, Nikita Madhani, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

Nos. 04–0401–ag(L), 04–0403–ag(Con), 04–0406–ag(Con), 04–3084–ag(Con), 04–3086–ag(Con), 04–3090(Con).

United States Court of Appeals, Second Circuit.

June 21, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

8

Eric W. Schultz, Sacks, Kolken & Schultz, Buffalo, New York, for Petitioner.

Robert K. Coulter, Assistant United States Attorney, for Paul J. McNulty, United States Attorney, Eastern District of Virginia, Alexandria, Virginia, for Respondent.

PRESENT: Honorable JOSEPH M. McLAUGHLIN, Honorable REENA RAGGI, Circuit Judges, Honorable KENNETH M. KARAS,[2] District Judge.

### SUMMARY ORDER

Jamal Madhani, his wife Sushma Madhani, and their daughter Nikita Madhani, all Indian citizens, petition for review of (1) the January 2, 2004 BIA decision affirming Immigration Judge ("IJ") Michael Rocco's denial of the Madhanis' applications for withholding of removal,[3] and (2) the BIA's May 4, 2004 denial of Jamal Madhani's motion to reopen removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

### 1. The Withholding of Removal Claim

Where, as here, the BIA summarily affirms the IJ's decision without opinion, we review the IJ's decision directly. See Twum v. INS, 411 F.3d 54, 58 (2d Cir. 2005). We review the IJ's factual determinations for substantial evidence, see Zhou Yun Zhang v. United States INS, 386 F.3d 66, 73 (2d Cir.2004); 8 U.S.C. § 1252(b)(4)(B), and his legal determinations de novo, see Islami v. Gonzales, 412 F.3d 391, 396 (2d Cir.2005).

To qualify for withholding of removal, an applicant must show that it is more likely than not that his or her "life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.16(b); see also 8 U.S.C. § 1231(b)(3)(A); Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). Alternatively, if the applicant can demonstrate past persecution on one of the above statutory grounds, then eligibility for withholding of removal is presumed, subject to rebuttal. See 8 C.F.R. § 208.16(b)(1); Secaida–Rosales v. INS, 331 F.3d 297, 306 (2d Cir.2003).

▮ In this case, the IJ concluded that petitioners had not carried this burden because they established only a personal familial dispute that did not, in fact,

---

2. The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

3. Because the Madhanis failed to pursue their CAT claims before this court, we deem those claims waived and will not address them in this order. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

demonstrate religious persecution. To the extent petitioners challenge the IJ's conclusion about the religious basis for the alleged persecution, we need not address that issue on this appeal. For the threats or actions of private persons, whatever their basis, to support relief from removal, an applicant must show that the government has proved unwilling or unable to control those private actors. *See Ivanishvili v. United States Dep't of Justice*, 433 F.3d 332, 342 (2d Cir.2006); *Setiadi v. Gonzales*, 437 F.3d 710 (8th Cir.2006). That is not this case. All the alleged harm was committed by private, non-governmental actors, specifically, Sushma Madhani's relatives and members of a Hindu extremist group acting at their behest. Jamal Madhani conceded that the actions of these private persons were never reported to government authorities. To the extent he attempts to justify this inaction by claiming that government officials would have accepted bribes from his wife's family to ignore such complaints, we can hardly conclude from such speculative evidence that a reasonable fact-finder would have been compelled to find that the complained-of actions reached beyond a personal dispute. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. United States INS*, 386 F.3d at 74; *cf. Jian Xing Huang v. United States INS*, 421 F.3d 125, 129 (2d Cir.2005) (rejecting speculative 10 evidence of feared future persecution). Accordingly, we decline to review further the denials of petitioners' applications for withholding of removal.

2. *Motion to Reopen*

We review the BIA's denial of a motion to reopen for abuse of discretion, which may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (*per curiam*). That is not this case. The BIA based its denial of the motion to reopen on the same reasoning specified by the IJ, finding that the Madhanis' alleged persecution was a "purely personal matter[]," a conclusion supported by the record. Further, the BIA did not abuse its discretion in concluding that, because petitioners' claims were insufficient to qualify for withholding of removal, they necessarily could not show prejudice from alleged attorney misconduct. *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993) (*per curiam*).

For the foregoing reasons, the petition for review is DENIED.