# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3525

_____

| | | |
|---|---|---|
| Roberto Tercero Bautista, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an Order |
| v. | * | of the Board of Immigration |
| | * | Appeals. |
| Peter D. Keisler, Acting Attorney | * | [UNPUBLISHED] |
| General, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: September 27, 2007
Filed: October 4, 2007

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Roberto Tercero Bautista seeks review of a Board of Immigration Appeals (BIA) order dismissing his appeal. Having jurisdiction under 8 U.S.C. § 1252(a)(2)(D), this court denies the petition for review.

Bautista, a Guatemalan, entered the United States on May 24, 1995 without inspection. The government began removal proceedings on April 2, 1998. Admitting removability, Bautista applied for asylum and withholding of removal, or alternatively, voluntary departure.

On August 4, 2005, Bautista was the only witness at his hearing, and the source of the facts in this paragraph. He lived with his mother in San Juan Ixcoy until he was ten. During this time, guerrillas sent Bautista four notes threatening to kill him because he had unintentionally lowered one of their flags. Due to these threats, Bautista relocated to his sister's village at the age of ten, and remained there for about seven years. While there, he had no further contact with the guerrillas, but encountered problems with gang members, who tried to force him into criminal activities, such as selling drugs, kidnaping, and stealing. These problems motivated Bautista's brother to bring him to the United States in 1995. His mother continues to receive anonymous telephone calls threatening him.

The immigration judge (IJ) denied asylum and withholding of removal, but granted voluntary departure. The BIA affirmed and adopted the IJ's decision, adding its own reasoning. This court reviews both decisions. *Nabulwala v. Gonzales*, 481 F.3d 1115, 1117 (8th Cir. 2007).

Bautista contends that the IJ and BIA erred in holding that he failed to meet his burden of proof for both the asylum and withholding of removal claims.[1] Under the substantial evidence test, this court defers "to the IJ's findings of fact and disposition of the case unless the record evidence is 'so compelling that no reasonable factfinder could fail to find [the petitioner] eligible for asylum [or] withholding of deportation." *Onsongo v. Gonzales*, 457 F.3d 849, 852 (8th Cir. 2006) (quoting *Habtemicael v. Ashcroft*, 370 F.3d 774, 779 (8th Cir. 2004)).

---

[1] In his brief, Bautista also claims the IJ and BIA erred in denying relief under the Convention Against Torture. However, Bautista, through counsel, specifically stated he was not seeking relief under the Convention ("[Question by IJ]: [A]re your [sic] requesting Article 3 protection or not? [Answer by Bautista's counsel]: I don't believe so, no."). The IJ did not address the Convention, nor does Bautista's brief to the BIA. "Failure to raise an issue before the agency constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter." *Sultani v. Gonzales*, 455 F.3d 878, 884 (8th Cir. 2006).

The IJ rejected Bautista's claims mainly due to a lack of credibility. The IJ found Bautista not credible because his testimony was inconsistent with his applications. The applications state that he continued to receive threats from the guerrillas after relocating to his sister's village, but he testified that any threats during that period emanated from gangs, not guerrillas. The applications do not mention physical mistreatment, but he testified he was beaten by gang members. In his brief, Bautista does not challenge the adverse credibility finding, waiving any challenge to it. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004). Bautista's testimony is his only evidence. Stripped of credibility, it does not meet the substantial evidence test.

Alternatively, the IJ concluded that, even if Bautista were credible, he had not made the requisite showing for either asylum or withholding of removal. The Attorney General may grant asylum to an alien who is a "refugee," defined as any person who is unable or unwilling to return to his or her country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(b)(1)(A) (2006). Additionally, the Attorney General must grant withholding of removal to an alien who establishes that, if returned to his or her native country, he or she will face a clear probability of persecution on account of one of the protected grounds. 8 U.S.C. § 1231(b)(3)(A) (2006); 8 C.F.R. § 1208.16(b) (2005). As withholding of removal carries a higher burden, a petitioner who fails to establish an asylum claim necessarily fails to establish a withholding of removal claim. *Setiadi v. Gonzales*, 437 F.3d 710, 715 (8th Cir. 2006).

Even if Bautista's testimony were credible, it is not substantial enough to compel reversal. On appeal to the BIA, Bautista contended he was persecuted because he was a member of a social group, law-abiding citizens. The BIA correctly decided that such a group does not qualify as a particular social group for purposes of asylum or withholding of removal, as it is too large and diverse. *See Raffington v. I.N.S.*, 340

F.3d 720, 723 (8th Cir. 2003). On appeal to this court, Bautista asserts for the first time that he was and will be persecuted on account of his deceased father's political opinions, which the guerrillas impute to him. This assertion is not supported by the record. Until this appeal, every time Bautista's father was mentioned, he stated either that he did not have a father or that his father was unknown. Therefore, Bautista has not shown that the evidence is so compelling that no reasonable factfinder could fail to find him eligible for asylum or withholding of removal.

The petition for review is denied.

_____