# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2938

_____

Handson Asuma Nyambariga,        *
                                   *
            Petitioner,     *    Petition for Review of an Order
    v.                         *    of the Board of Immigration
                                   *    Appeals.
Peter Keisler, Acting Attorney    *
General of the United States,[1]    *     [UNPUBLISHED]
                                   *
           Respondent.    *
                                   *

_____

Submitted:  September 28, 2007
Filed:  October 4, 2007

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

PER CURIUM.

Handson Asuma Nyambariga (Nyambariga), a native and citizen of Kenya, filed a petition for review of the Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) denial of Nyambariga's application for asylum, withholding of removal, and protection under the Convention Against Torture.  We deny Nyambariga's petition for review.

_____

[1]Peter Keisler has been appointed to serve as Acting Attorney General, and  is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

We review for substantial evidence, a standard of review under which BIA factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Setiadi v. Gonzales, 437 F.3d 710, 713 (8th Cir. 2006) (quoting 8 U.S.C. § 1252(b)(4)(B)). An IJ's decision denying asylum will be upheld "unless 'the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).

An applicant who is found to have suffered past persecution is presumed to have a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). Both the IJ and the BIA found Nyambariga failed to prove he suffered past persecution. Even if we assume Nyambariga suffered past persecution, the presumption he has a well-founded fear of future persecution is rebuttable, if there is a finding by the preponderance of the evidence that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality." Id. at § 208.13(b)(1)(i)(A). The record supports the BIA's and the IJ's decisions that a fundamental change in circumstances occurred when former Kenya President Moi was voted out of office in December 2002. Finding substantial evidence in the record as a whole supporting the agency's judgment, and no error of law, we deny Nyambariga's petition for review. See 8th Cir. R. 47B.

Petitioner's motion to hold proceedings in abeyance is denied.

_____

-2-