# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2233

_____

| | | |
|---|---|---|
| Dilca Elisa Perez Perez, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Michael B. Mukasey,[1] United States | * | |
| Attorney General, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: May 14, 2008
Filed: June 3, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Guatemalan native and citizen Dilca Elisa Perez Perez (Perez) petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an Immigration Judge's (IJ's) denial of asylum and withholding of removal. We deny the petition.

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

First, we lack jurisdiction to review the BIA's determination that Perez's asylum application was time-barred. See 8 U.S.C. § 1158(a)(3); Ngure v. Ashcroft, 367 F.3d 975, 989 (8th Cir. 2004).

Second, we conclude that substantial evidence in the record supported the BIA's denial of withholding of removal. See Miah v. Mukasey, 519 F.3d 784, 787 (8th Cir. 2008) (denial of withholding of removal reviewed under substantial-evidence standard). Perez failed to show a clear probability that she will face persecution on account of a protected ground if she returned to Guatemala. See Ming Ming Wijono v. Gonzales, 439 F.3d 868, 872 (8th Cir. 2006) (applicant seeking withholding of removal had burden to show clear probability of persecution, which is same as showing persecution is more likely than not to occur). Her evidence did not adequately show past persecution or a well-founded fear of future persecution. See Setiadi v. Gonzales, 437 F.3d 710, 713-14 (8th Cir. 2006) (past persecution does not normally include unfulfilled threats of physical injury, and even minor beatings do not usually rise to level of past persecution; allegations of general fear of persecution because of isolated acts of violence against someone other than petitioner are usually insufficient to establish fear of future persecution); Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (in absence of solid support in record for alien's assertion that he would be persecuted, his fear was "speculative at best"); Bernal-Rendon v. Gonzales, 419 F.3d 877, 881 (8th Cir. 2005) (alien's fear of persecution is reduced when family remains unharmed in native country).

Accordingly, we deny the petition.

_____