# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-2432/08-1108

_____

| | | |
|---|---|---|
| Sergio L. Meda-Morales, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petitions for Review of |
| v. | * | Orders of the Board |
| | * | of Immigration Appeals. |
| Michael B. Mukasey,[1] Attorney General,* | | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: September 5, 2008
Filed: September 23, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Sergio Meda-Morales petitions for review of (1) an order of the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge's (IJ's) denial of asylum and withholding of removal (No. 07-2432), and (2) the BIA's denial of his motion to reopen based on ineffective assistance of counsel and new evidence (No. 08-1108). We deny both petitions.

_____

[1]Michael B. Mukasey has been appointed to serve as Attorney General of the United States, and is substituted as respondent in No. 07-2432 pursuant to Federal Rule of Appellate Procedure 43(c).

We review the denial of asylum under a substantial evidence standard. See Sholla v. Gonzales, 492 F.3d 946, 950-51 (8th Cir. 2007) (standard of review); see also Uanreroro v. Gonzales, 443 F.3d 1197, 1204 (10th Cir. 2006) (where BIA issued single-member order, BIA's decision is agency's final order; however, where BIA affirms IJ's decision and incorporates IJ's rationale or repeats condensed version of IJ's reasons, reviewing court may look to IJ's decision for more complete explanation of BIA's grounds). We conclude that Meda-Morales did not establish past persecution or a well-founded fear of future persecution based on a protected ground. See Quomsieh v. Gonzales, 479 F.3d 602, 606 (8th Cir. 2007) (absent physical harm, incidents of harassment and unfulfilled threats of injury are not persecution); Makatengkeng v. Gonzales, 495 F.3d 876, 881 (8th Cir. 2007) (setting forth necessary showings for asylum applicant to establish well-founded fear of future persecution); Setiadi v. Gonzales, 437 F.3d 710, 714 (8th Cir. 2006) (allegations of general fear of persecution because of isolated acts of violence against someone other than petitioner are usually insufficient to establish fear of future persecution); Menjivar v. Gonzales, 416 F.3d 918, 921 (8th Cir. 2005) (when harm was inflicted by private individual, to establish persecution asylum applicant must show that government condoned or at least demonstrated complete helplessness to protect victims). Because Meda-Morales failed to meet the lower burden of proof on his asylum claim, his claim for withholding of removal fails as well. See Makatengkeng, 495 F.3d at 885.

We also conclude that the BIA did not abuse its discretion in denying Meda-Morales's motion to reopen. See Habchy v. Gonzales, 471 F.3d 858, 861 (8th Cir. 2006) (standard of review). First, there is no constitutional right to effective assistance of counsel in removal proceedings. See Rafiyev v. Mukasey, Nos. 07-1317, 07-2406, 2008 WL 2967006, at *6 (8th Cir. Aug. 5, 2008) (holding that there is no constitutional right under the Fifth Amendment to effective assistance of counsel in removal proceeding; because due process claim based on ineffective assistance was destined to fail, BIA did not abuse its discretion by refusing to reopen case). To the extent that Meda-Morales brought his ineffective-assistance claim under a

discretionary administrative authority to reopen proceedings, <u>see</u> <u>Stroe v. INS</u>, 256 F.3d 498, 501 (7th Cir. 2001) (assuming without deciding BIA has discretionary authority to reopen proceedings for ineffective assistance of counsel in egregious circumstances), the BIA did not abuse its discretion in concluding that counsel's performance was not so egregious as to render the hearing unfair. Second, Meda-Morales's new evidence--which was more indicative of a rise in random acts of violence in Guatemala than a likelihood that he would face persecution if returned--would not likely change the result of the proceedings. <u>See</u> <u>Jalloh v. Gonzales</u>, 423 F.3d 894, 899 (8th Cir. 2005) (petitioner seeking to reopen proceedings with new evidence faces "heavy burden"); <u>Abdille v. Ashcroft</u>, 242 F.3d 477, 494 (3d Cir. 2001) (noting assaults on petitioner might represent random street violence, and holding "[s]uch ordinary criminal activity does not rise to the level of persecution necessary to establish eligibility for asylum").

      Accordingly, we deny both petitions.

_____