# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1316

_____

| | | |
|---|---|---|
| Lin Xue Ju, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Eric H. Holder, Jr.,[1] | * | |
| Attorney General of | * | [UNPUBLISHED] |
| the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: June 4, 2009
Filed: August 20, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Chinese citizen Lin Xue Ju (Ju) petitions for review of an order of the Board of Immigration Appeals, which affirmed an Immigration Judge's denial of Ju's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

_____

[1]Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

First, we cannot review the determination that Ju's asylum application was barred as untimely filed.  See 8 U.S.C. § 1158(a)(3) (courts do not have jurisdiction to review any determination with respect to timeliness of asylum application); Ngure v. Ashcroft, 367 F.3d 975, 989 (8th Cir. 2004).  Second, we conclude that the denial of withholding of removal and the denial of CAT relief are supported by substantial evidence in the record.  See Miah v. Mukasey, 519 F.3d 784, 787 (8th Cir. 2008) (standard of review); Wijono v. Gonzales, 439 F.3d 868, 872, 274 (8th Cir. 2006) (applicant seeking withholding of removal had burden to show clear probability of persecution, which is same as showing persecution is more likely than not to occur; independent analysis of CAT claim is not required if claim had same factual basis as claim for withholding of removal).  The brief detention and mistreatment that Ju testified he experienced did not amount to past persecution.  See Setiadi v. Gonzales, 437 F.3d 710, 713 (8th Cir. 2006); Samedov v. Gonzales, 422 F.3d 704, 707 (8th Cir. 2005).  Further, Ju did not establish that he would more likely than not be persecuted if he returned to China.  See Setiadi, 437 F.3d at 714 (allegations of general fear of persecution because of isolated acts of violence against someone other than petitioner are usually insufficient to establish fear of future persecution); Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (in absence of solid support in record for alien's assertion that he would be persecuted, his fear was "speculative at best"); Bernal-Rendon v. Gonzales, 419 F.3d 877, 881 (8th Cir. 2005) (alien's fear of persecution is reduced when family remains unharmed in native country).

Accordingly, we deny the petition.

_____