NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0297n.06

No. 10-3976

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Mar 15, 2012**

LEONARD GREEN, Clerk

DUSKO JAZIC, )
)
    Petitioner, )
)
v. )
)
ERIC H. HOLDER, JR., Attorney General, )
)
    Respondent. )

ON PETITION FOR REVIEW
FROM A FINAL ORDER OF THE
BOARD OF IMMIGRATION
APPEALS

**OPINION**

BEFORE: COLE and STRANCH, Circuit Judges; CARR, District Judge.[*]

PER CURIAM. Dusko Jazic, a Croatian citizen, moves for a stay of removal and petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Jazic was born in 1971 in the former Yugoslavia, and is ethnically Serbian. He came to the United States in 1993, and applied for the above relief. A hearing was held before an Immigration Judge (IJ), at which Jazic testified that he served in the Yugoslavian National Army shortly before Croatia and other states declared their independence. He passed himself off as a Croat in order to avoid being in the minority. A Croat told Jazic of a planned uprising by Croats which never took place. Several Croats were arrested, questioned, and released. One of them asked Jazic if he had

---

[*]The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

turned them in, which Jazic denied. He never heard from any of the Croats again during the more than two years he remained in Croatia. After completing his mandatory military service, Jazic was asked if he would join the Croatian army, but he declined. He stated that his Yugoslavian passport was destroyed, without which he could not obtain healthcare or employment. After paying a bribe, he was able to obtain a Croatian passport. He testified that the police stopped him "dozens" of times, asking him where he was going and what he was doing, and sometimes physically harming him, but never to the point where he required medical attention. He was never arrested or detained. After coming to the United States, Jazic learned from his parents that the authorities were again seeking him to perform military service. His brother, who also served in the Croatian military, continues to live in Jazic's apartment in Croatia.

The IJ denied all relief, concluding that Jazic had not established past persecution and that his claim to fear future persecution was not plausible. The Board of Immigration Appeals (BIA) affirmed this decision. Jazic reasserts his claims in his brief before this court.

Jazic's petition for review of the denial of his application for asylum may be granted only if the evidence is "so compelling that no reasonable factfinder could fail to find the requisite persecution." *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003). Upon review, we conclude that the BIA in this case reasonably found that Jazic had not established past persecution. The incidents Jazic described amounted to mere harassment; he was never arrested, his property was not confiscated, and he was never severely beaten or tortured. *See Gilaj v. Gonzales*, 408 F.3d 275, 285 (6th Cir. 2005). Minor beatings and limited detentions do not rise to the level of persecution. *Setiadi v. Gonzales*, 437 F.3d 710, 713 (8th Cir. 2006).

Because Jazic did not establish past persecution, in order to be entitled to asylum he is required to demonstrate a well-founded fear of future persecution. *See Ali v. Ashcroft*, 366 F.3d 407,

410-11 (6th Cir. 2004). This requires credible, specific evidence of facts supporting a reasonable fear of persecution. *Klawitter v. INS*, 970 F.2d 149, 153 (6th Cir. 1992). Here, the IJ and BIA reasonably concluded that Jazic's claims of fear of persecution were not plausible. He claimed to fear persecution based on his ethnicity, yet his family remained unharmed in Croatia. *Cf. Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000). He claimed to fear persecution based on his military service, yet his brother suffered no persecution, and military service was mandatory for all able-bodied young men. He claimed to fear retribution from the Croats who may believe that he had informed the authorities about their planned uprising, yet he never encountered retribution from them in over two years in Croatia following that incident. Finally, he claimed to fear persecution for failing to perform further military service. However, enforcement of mandatory military service requirements is not persecution. Moreover, Jazic testified that he was not physically fit for service due to hearing problems. Therefore, Jazic did not establish a well-founded fear of future persecution that would entitle him to asylum.

Because Jazic did not establish entitlement to asylum, he necessarily could not meet the higher standard for withholding of removal. *See Koliada v. INS*, 259 F.3d 482, 489 (6th Cir. 2001). Finally, he did not qualify for relief under the CAT because he did not show that it was more likely than not that he would be tortured upon his return to Croatia. *See Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004).

For all of the above reasons, the petition for review is denied. The motion for a stay of removal is denied as moot.