# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2299

_____

| | |
|---|---|
| Carlos Miguel Alvarenga; Maria Del Carmen Alvarenga, | * <br> * <br> * |
| Petitioners, | * |
| v. | * Petition for Review of <br> * an Order of the <br> * Board of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General of the United States, | * <br> *     [UNPUBLISHED] <br> * |
| Respondent. | * |

_____

Submitted: March 12, 2012
Filed: March 23, 2012

_____

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Carlos Miguel Alvarenga and his wife Maria del Carmen Alvarenga, citizens of El Salvador, were placed in removal proceedings and charged as being subject to removal as aliens present in the United States without being admitted or paroled in violation of 8 U.S.C. § 1182(a)(6)(A)(i). At a removal hearing before an immigration judge (IJ), Carlos sought asylum, withholding of removal, and cancellation of removal. Maria was a derivative beneficiary on the asylum claim. The IJ denied all relief and ordered them removed. The couple appealed the IJ's decision and the

Board of Immigration Appeals (BIA) affirmed. The Alvarengas now petition for review. We deny the petition.

Carlos and Maria Alvarenga entered the United States from El Salvador without inspection in 1990 and 2003, respectively. They have three children who are United States citizens. Carlos applied for asylum in 1995 and was interviewed by an asylum officer in 2006. The officer found Carlos's testimony to be credible, determined that he was not eligible for asylum, and referred the case to an IJ. Shortly thereafter, the government served the Alvarengas with notices to appear charging them with removability.

An IJ held a removal hearing in which the Alvarengas conceded removability but sought affirmative relief. Specifically, Carlos sought asylum with his wife as a derivative beneficiary, withholding of removal, and cancellation of removal based on the hardship his United States citizen children would face if he were removed. He testified that in El Salvador he had been a member of the civil patrol, a volunteer organization that attempted to deter guerilla activities by standing watch over towns. He explained that he had never been physically harmed but that the guerillas had threatened him with death if he did not help them, that the civil patrol commanders had seen him speaking with guerillas and thought that he had betrayed the patrol, and that the guerillas had killed one of his cousins. He further testified that he owned three houses in the United States, two of which he rented to others, and that he would have difficulty finding housing and employment in El Salvador.

The IJ determined that Carlos was not eligible for asylum or withholding of removal because he had presented no evidence that the "guerrillas threatened him based on his political opinion" or that "members of [the civil patrol] were more likely to be targeted by guerrillas for recruitment." Carlos also had not shown that the guerrillas still operate in El Salvador or that the current government would be incapable of protecting him. The IJ further determined that Carlos was not eligible

for cancellation of removal because his children were healthy, spoke Spanish, and were just entering school age. The IJ noted that even though Carlos would likely have to sell his properties in the United States at a loss, he could not show "significant hardship over and above the normal economic and social disruptions involved" with removal.

The BIA affirmed on appeal, concluding that Carlos had not shown that he was threatened on account of a protected ground, that any fear of future persecution was "speculation" as evidenced by the fact that he had several relatives living in El Salvador who had not been harmed, and that he could not show that his children would suffer "exceptional and extremely unusual hardship" as a result of his removal. The Alvarengas petition for review of the BIA's decision.

When the BIA has affirmed an IJ's decision but added its own reasoning, both are reviewed together. Setiadi v. Gonzales, 437 F.3d 710, 713 (8th Cir. 2006). We review legal determinations de novo and factual findings for substantial evidence. Nyirenda v. INS, 279 F.3d 620, 623 (8th Cir. 2002). The Attorney General has discretion to grant asylum to an alien who is unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158 (b)(1)(A). Proof of past persecution raises a presumption of a well founded fear of future persecution. Uli v. Mukasey, 533 F.3d 950, 955 (8th Cir. 2008). Administrative findings relating to past and future persecution are only reversed if the evidence is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Kipkemboi v. Holder, 587 F.3d 885, 888 (8th Cir. 2009) (citations omitted).

We conclude that the IJ and the BIA did not err by denying Carlos's application for asylum and thus denying Maria relief on her derivative claim. The record here does not demonstrate that Carlos experienced past persecution based on a protected

ground. He did not show that the guerillas had threatened him due to his political opinions or because of his membership in the civil patrol. See Bartolo-Diego v. Gonzales, 490 F.3d 1024, 1027 (8th Cir. 2007). Nor does the record indicate a well founded fear of future persecution. Carlos failed to demonstrate that the guerillas are still in existence, that former members of the civil patrol are targeted for persecution, or that the Salvadoran government would be unwilling or unable to protect him. See Beck v. Mukasey, 527 F.3d 737, 740 (8th Cir. 2008) (no persecution where petitioner cannot show government is unwilling or unable to control alleged persecutors).[1] Because the BIA did not err in denying the petition for asylum, it also did not err by denying withholding of removal. See Ladyha v. Holder, 588 F.3d 574, 579 (8th Cir. 2009).

We further conclude that we lack jurisdiction to review the denial of cancellation of removal. Our review of such decisions is limited to "constitutional claims or questions of law raised upon a petition for review." Garcia-Torres v. Holder, 660 F.3d 333, 338 (8th Cir. 2011) (quoting 8 U.S.C. § 1252(a)(2)(D)). Carlos contends that the IJ erred because he recognized that Carlos may take a loss when selling his homes in the United States without considering that the poor economic climate may prevent the homes from being sold at all. Since this argument concerns the IJ's weighing of evidence and not an issue of law, we lack jurisdiction to review it. See id.

Accordingly, we deny the Alvarengas' petition for review and deny as moot the government's motion to dismiss.

_____

_____

[1]Carlos also argues that he is entitled to humanitarian asylum. See 8 C.F.R. § 1208.13(b)(1)(iii). Because he failed to raise this claim before the IJ or BIA, we cannot review it. Ixtlilco-Morales v. Keisler, 507 F.3d 651, 656 (8th Cir. 2007).