# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1701

_____

Heidy Lorena Cifuentes-Rivera

*Petitioner*

v.

Eric H. Holder, Jr.

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: January 13, 2014
Filed: March 25, 2014
[Unpublished]

_____

Before GRUENDER, BRIGHT, and KELLY, Circuit Judges.

_____

PER CURIAM.

Heidy Cifuentes-Rivera ("Cifuentes") petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Having jurisdiction under 8 U.S.C. § 1252(a), we deny her petition.

## I.    Background

Cifuentes, a native and citizen of Guatemala, entered the United States illegally in 2008. On May 11, 2009, the Department of Homeland Security issued a notice to appear and charged Cifuentes with inadmissibility as an alien present in the United States without having been admitted or paroled in violation of 8 U.S.C. § 1182(a)(6)(A)(i). Cifuentes admitted the factual allegations contained in the notice to appear and conceded inadmissibility. As relief from removal, she applied for asylum under 8 U.S.C. § 1158(a), withholding of removal under 8 U.S.C. § 1231(b)(3), and CAT protection.[1]

During a merits hearing before an Immigration Judge ("IJ"), Cifuentes testified that she worked as a promoter for Pepsi in Guatemala prior to entering the United States. She claimed that in April 2008, she received three phone calls from a gang member who told her that "they knew when [she] was leaving work" and that they would "hit" her if she did not "meet up with them." Cifuentes identified the caller as a gang member because of the way he spoke. She reported the calls to her supervisor, but did not report them to police. She admitted that gang members did not recruit or harm her after she received the calls.

Cifuentes also testified about her family members and acquaintances who have been harmed by Guatemalan gang members. She claimed that gang members robbed her sister at knifepoint and murdered her cousin and her neighbor. She also testified that her aunt had been extorted by gang members and had observed two gang

---

[1]The BIA concluded that Cifuentes' asylum claim was time-barred under 8 U.S.C. § 1158(a)(2)(B). We do not have jurisdiction to review this determination. *Id.* § 1158(a)(3). Additionally, Cifuentes does not seek review of the BIA's denial of her request for CAT protection. Therefore, we confine our analysis to Cifuentes' claim for withholding of removal under 8 U.S.C. § 1231(b)(3).

murders. However, Cifuentes acknowledged that her parents and two of her siblings continue to live in Guatemala and have not been harmed by gangs.

Cifuentes fears that if she returns to Guatemala, gang members may kidnap her, treat her "poorly," or even kill her. She testified that she will be subject to torture by gang members because they perceive those returning from the United States as wealthy. She does not believe that the police can protect her.

The IJ denied Cifuentes' requests for relief. The IJ concluded that Cifuentes' asylum claim was time-barred under 8 U.S.C § 1158(a)(2)(B). With respect to withholding of removal, the IJ found that Cifuentes failed to show past persecution or a clear probability of future persecution should she return to Guatemala. Alternatively, the IJ found that Cifuentes' proferred social group—"individuals who are presumed by the gangs to have money when returning to Guatemala from the United States after having lived in the United States"—was not cognizable under 8 U.S.C. § 1101(a)(42)(A). The IJ also denied Cifuentes' request for CAT protection, finding that "[h]er general fear of gangs does not demonstrate that it is 'more likely than not' that she would be tortured if returned to Guatemala."

Adopting much of the IJ's findings, the BIA affirmed the denial of relief. As relevant to this appeal, the BIA denied withholding of removal on the ground that Cifuentes "has not established that it is more likely than not that she will be persecuted upon her return to Guatemala." Cifuentes now petitions this court for review of the BIA's order.

## II.    Discussion

"We generally review the BIA's decision as the final agency action, but where the BIA essentially adopted the IJ's opinion while adding some of its own reasoning, we review both decisions." *Osonowo v. Mukasey*, 521 F.3d 922, 926 (8th Cir. 2008)

(citation omitted) (internal quotation marks omitted). "We review questions of immigration law de novo." *Malonga v. Mukasey*, 546 F.3d 546, 550 (8th Cir. 2008). "We review an IJ's factual determinations under the substantial-evidence test, which requires that those determinations be supported by reasonable, substantial, and probative evidence." *Supangat v. Holder*, 735 F.3d 792, 795 (8th Cir. 2013) (per curiam). "We will not reverse factual findings unless 'the petitioner demonstrates that the evidence was so compelling that no reasonable fact finder could fail to find in favor of the petitioner.'" *Id.* (quoting *Turay v. Ashcroft*, 405 F.3d 663, 667 (8th Cir. 2005)); *see* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

To qualify for withholding of removal, Cifuentes has the burden of showing a "clear probability," *Turay*, 405 F.3d at 667, that her "life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b); *see also* 8 U.S.C. § 1231(b)(3). An applicant may satisfy his or her burden of proof with respect to withholding of removal in two ways. "First, the applicant may show past persecution on the basis of one of the five protected grounds listed above, thus creating a rebuttable presumption that removal would threaten [her] life or freedom." *Malonga*, 546 F.3d at 551 (citing 8 C.F.R. § 1208.16(b)(1)). "Second, the applicant may qualify for withholding of removal if he or she establishes that it is more likely than not that the applicant would be persecuted upon removal on account of one of the protected grounds." *Id.* at 551-52 (citing 8 C.F.R. § 1208.16(b)(2)). We have defined persecution as an extreme concept that involves "the infliction or threat of death, torture, or injury to one's person or freedom" for a proscribed reason. *Shoaira v. Ashcroft*, 377 F.3d 837, 844 (8th Cir. 2004) (quotation omitted).

After reviewing the record, we conclude that Cifuentes has failed to satisfy her burden of proof with respect to withholding of removal.

First, Cifuentes has failed to show that she suffered past persecution sufficient to create a rebuttable presumption that removal would threaten her life or freedom. Cifuentes testified that on three separate occasions over the phone, a gang member threatened to harm her. However, she admitted that the threats went unfulfilled. Indeed, it is undisputed that she has never been harmed by gang members. Because "[l]ow-level intimidation and harassment alone do not rise to the level of persecution," *Wijono v. Gonzales*, 439 F.3d 868, 872 (8th Cir. 2006) (quotation omitted), we conclude that substantial evidence supports the BIA's conclusion that the threats Cifuentes endured do not rise to the level of past persecution. *See Setiadi v. Gonzalez*, 437 F.3d 710, 713 (8th Cir. 2006) ("Past persecution does not normally include unfulfilled threats of physical injury.").

Second, substantial evidence also supports the BIA's determination that Cifuentes failed to establish that it is more likely than not that she will be persecuted upon her return to Guatemala. *See Malonga*, 546 F.3d at 551-52. Cifuentes claims that she will be targeted for persecution in Guatemala because she will be perceived as wealthy having lived in the United States. But other than her generalized statements before the IJ, Cifuentes has failed to present specific, direct evidence that those returning to Guatemala from the United States are targeted by gangs. *Cf. Matul-Hernandez v. Holder*, 685 F.3d 707, 712 (8th Cir. 2012) (affirming the BIA's finding that those returning to Guatemala from the United States are not "subject to a higher incidence of crime than the rest of the population").

Cifuentes also argues that her chances of persecution increase because of her status as a woman. To support her claim, Cifuentes cites to her testimony that Guatemalan police "do not place importance on women" as well as a 2009 State Department Human Rights Report describing the continuing problems with sexual

violence against women in Guatemala. While the 2009 Report no doubt confirms the prevalence of sexual violence in Guatemala, it does not *compel* a finding that Cifuentes will more likely than not be persecuted upon her return, particularly given record evidence that the Guatemalan government has passed new laws and bolstered its security forces in order to alleviate gang violence. Moreover, the fact that much of Cifuentes' immediate family has remained in Guatemala unharmed since she fled undercuts any assertion that she will more likely than not be persecuted upon removal.

In sum, we conclude that substantial evidence supports the BIA's decision to deny withholding of removal under 8 U.S.C. § 1231(b)(3).[2]

## III.  Conclusion

For the foregoing reasons, we deny Cifuentes' petition for review.

_____

---

[2]Because we conclude that Cifuentes has failed to show either past persecution or a clear probability of future persecution, we need not consider whether she has satisfied the remaining requirements for withholding of removal. *See* 8 C.F.R. § 1208.16(b) (explaining that to obtain relief in the form of withholding of removal, an applicant must demonstrate that her life or freedom would be threatened "on account of race, religion, nationality, membership in a particular social group, or political opinion").