# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-3553

_____

Jose Abel Garcia-Carranza

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 16, 2017
Filed: January 2, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

_____

[1]Jefferson B. Sessions, III has been appointed to serve as Attorney General of the United States and is automatically substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Jose Garcia-Carranza seeks review of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In 2012, Garcia-Carranza entered the United States from his native El Salvador without valid documentation. The following year, the Department of Homeland Security initiated removal proceedings under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Garcia-Carranza conceded the charge but sought relief based on his fear of persecution and torture if he were removed to El Salvador. He testified that the El Salvadorian police briefly detained and later assaulted him due to his membership in a purported social group of "El Salvadorian youth who are being supported by family members in the United States." According to Garcia-Carranza, the police also attempted to extort money from him by threatening his life. The immigration judge ("IJ") and Board of Immigration Appeals ("BIA") denied his request for relief. Garcia-Carranza now petitions for review on all three grounds: asylum, withholding of removal, and protection under CAT.

"To qualify for asylum, the applicant must establish that he or she is a refugee as defined in the statute." *Uli v. Mukasey*, 533 F.3d 950, 955 (8th Cir. 2008). Under the statute, a refugee is "any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). In concluding that Garcia-Carranza did not qualify for asylum, the BIA adopted much of the IJ's decision and added additional reasoning, so we review both decisions. *See Gathungu v. Holder*, 725 F.3d 900, 907 (8th Cir. 2013). We review questions of law *de novo* and "consider administrative findings of fact under the deferential substantial-evidence standard." *Malonga v. Holder*, 621 F.3d 757, 764 (8th Cir. 2010). "We will not overturn an agency's decision unless the petitioner demonstrates that the evidence not only supports a contrary conclusion, but *compels* it." *Id.* (alterations omitted).

-2-

Garcia-Carranza fails to satisfy that burden. He has not demonstrated, for instance, that his purported persecution was "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). He claims that he was targeted based on his social group of "El Salvadorian youth who are being supported by family members in the United States." But being "among those who are perceived as wealthy for having lived" in the United States does not qualify as "a recognized social group subject to protection under asylum law." *See Tejado v. Holder*, 776 F.3d 965, 970 (8th Cir. 2015) (per curiam); *see also Matul-Hernandez v. Holder*, 685 F.3d 707, 712-13 (8th Cir. 2012). Garcia-Carranza offers no reason—nor do we see any—why his purported social group should be treated differently than those in *Tejado* or *Matul-Hernandez*. The BIA thus did not err in concluding that Garcia-Carranza "failed to identify a particular social group that is cognizable under the Act or any other protected ground."

Even if Garcia-Carranza could identify a cognizable social group, he has not established past persecution. "Persecution is an extreme concept that does not include low-level intimidation and harassment." *Matul-Hernandez*, 685 F.3d at 711 (internal quotation marks omitted). Garcia-Carranza testified to a fifteen-minute detention and later assault, but "minor beatings or limited detentions do not usually rise to the level of past persecution." *Setiadi v. Gonzales*, 437 F.3d 710, 713 (8th Cir. 2006). In Garcia-Carranza's case, he had no lasting injuries and did not seek medical treatment. Garcia-Carranza cites *Phommasoukha v. Gonzales* for the proposition that he need not show lasting physical injury and that his detention could constitute persecution, but the petitioner there had been imprisoned for "approximately four to six years"—far longer than the fifteen-minute detention here. *See* 408 F.3d 1011, 1015 (8th Cir. 2005). Garcia-Carranza also testified to the threat on his life and the related "emotional injury." But the evidence in the record insufficiently demonstrates emotional injury, *see Shoaira v. Ashcroft*, 377 F.3d 837, 844 (8th Cir. 2004), and "threats alone constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm," *see*

-3-

*Lemus-Arita v. Sessions*, 854 F.3d 476, 481-82 (8th Cir. 2017) (alteration omitted) (collecting cases where death threats were found insufficient to establish past persecution). Substantial evidence supports the BIA's conclusion that Garcia-Carranza failed to satisfy this burden. *See id.*

Garcia-Carranza also has failed to establish a well-founded fear of future persecution. He points to nothing in the record showing a "subjectively genuine" and "objectively reasonable fear of particularized persecution." *Al Yatim v. Mukasey*, 531 F.3d 584, 587 (8th Cir. 2008) (stating the standard for a well-founded fear in the absence of past persecution). He emphasizes that a pattern of police corruption and brutality exists in El Salvador, but the BIA adopted the IJ's reasonable factual conclusion that Garcia-Carranza would be "subjected to the same level of risk as the general population." Indeed, in "a poorly policed country, rich and poor are all prey to criminals who care about nothing more than taking it for themselves." *Matul-Hernandez*, 685 F.3d at 712-713. The evidence we do have—namely, that Garcia-Carranza's grandfather and brother remain in the country unharmed—suggests that Garcia-Carranza may be at even less risk than others. *See Bernal-Rendon v. Gonzales*, 419 F.3d 877, 881 (8th Cir. 2005) ("An alien's fear of persecution is reduced when her family remains unharmed in her native country."). Substantial evidence thus supports the BIA's conclusion that Garcia-Carranza failed to establish a well-founded fear of future persecution. *See Lemus-Arita*, 854 F.3d at 482.

In short, Garcia-Carranza has failed to establish past persecution or a well-founded fear of future persecution on account of a cognizable social group. He is thus ineligible for asylum. *See id.* at 481-83; *Tejado*, 776 F.3d at 970.

Because Garcia-Carranza "did not establish the well-founded fear of persecution required for asylum, he did not meet the more rigorous burden of showing a clear probability of persecution" for withholding of removal. *See Matul-Hernandez*, 685 F.3d at 713. And because Garcia-Carranza "does not point

to any evidence in the record, nor have we found any, which indicates he may be tortured for reasons unrelated to his claims for asylum and withholding of removal," his claim under CAT also fails. *See Guled v. Mukasey*, 515 F.3d 872, 882 (8th Cir. 2008).

Accordingly, we deny the petition for review.

_____