# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 1, 2010

No. 09-60262

Lyle W. Cayce
Clerk

ROSA HERMELINDA CORDON MONTES,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 952 387

Before JOLLY, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rosa Hermelinda Cordon Montes (Montes) seeks review of the dismissal by the Board of Immigration Appeals (the Board) of her appeal of the order of the Immigration Judge (the IJ) denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We find that the Board's decision is supported by substantial evidence and that Montes failed to meet her burden of establishing eligibility for the requested relief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60262

## BACKGROUND AND FACTS

Montes is a native and citizen of Guatemala. When she was apprehended by border patrol officers on November 22, 2006, near El Paso, Texas, she did not possess or present a valid entry document and she had not been admitted or paroled after inspection by an immigration officer. She told the officers she was headed to Santa Fe, New Mexico, because she wanted to join her husband who had entered the United States illegally in June 2006 and she wanted to work for several years. When questioned by the border patrol officers, she told them she had no fear of torture, harm, or persecution if she returned to Guatemala. During a credible-fear interview, she later told an asylum officer that she was fleeing a criminal family that had killed her brother-in-law and threatened her husband over a business dispute and that, although she had not personally been threatened, she was afraid to return to Guatemala. The asylum officer found that Montes had established a credible fear of persecution based on membership in a particular social group—her family.

Montes was served with a Notice to Appear, charging that she was subject to removal pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). Appearing before the IJ, she conceded that she was removable but asserted she was eligible for asylum, withholding of removal, and protection under CAT. She testified that she came to the United States because Guatemalan criminal Mario Ponce and his "pistoleros" had tortured and killed her brother-in-law in a cattle ownership dispute and had threatened both her and her husband. She said they frequently made phone calls to her husband and drove their trucks past her house in order to threaten them. She said she did not contact the Guatemalan police because she believed they were "involved too" and would not protect her. A newspaper report and several affidavits from family members corroborated her testimony regarding the killing of her brother-in-law and subsequent threats. An expert also testified that powerful Guatemalan landowners could act with impunity and

2

sometimes killed people, that the Guatemalan government is corrupt, and that Montes's story was consistent with practices in Guatemala. On cross examination, Montes admitted that she had not told the border patrol officers her true reason for coming to the United States. She explained that she had been trying to protect her husband and was afraid because the United States was deporting people at that time. She also admitted that she left her three children and her sister-in-law in the same town in Guatemala and that they had not been harmed.

Although the IJ found that her testimony was not "incredible," the IJ expressed "concern" that Montes had not been forthright when first apprehended by the border patrol officers. The IJ denied her requests for relief and ordered her removed to Guatemala. Montes timely appealed and the Board issued a decision dismissing her appeal on March 16, 2009. This Petition followed.[1]

## STANDARD OF REVIEW

Whether Montes was eligible for asylum, withholding of removal or protection under CAT are factual determinations which we review for substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We review the Board's decision and consider the IJ's underlying order only to the extent it had "some impact" upon the Board's decision. *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002); *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence

---

[1] Montes was removed from the United States to Guatemala on August 26, 2009, after her request for stay of removal was denied. She is inadmissible into the United States for ten years from the date of her removal. 8 U.S.C. §§ 1182(a)(9)(A)(ii), 1229a. Because we have held that ten-year bars on readmission constitute concrete collateral consequences that satisfy the case or controversy requirement, this suit is not moot and we have jurisdiction to consider this Petition. *Max-George v. Reno*, 205 F.3d 194, 196 (5th Cir. 2000), *vacated on other grounds*, *Max-George v. Ashcroft*, 533 U.S. 945 (2001).

*compels* it." *Chen*, 470 F.3d at 1134 (emphasis in original and internal marks and citation omitted). The possibility of drawing inconsistent conclusions from the evidence in the record "does not prevent an administrative agency's finding from being supported by substantial evidence." *Arif v. Mukasey*, 509 F.3d 677, 679 (5th Cir. 2007) (quoting *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966)). Montes "has the burden of showing that the evidence [in support of her claims] is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen*, 470 F.3d at 1134; *see* 8 U.S.C. § 1252(b)(4)(B).

## DISCUSSION

The Board did not adopt the IJ's order in full so we review the Board's decision directly and only consider the IJ's order when it had "some impact" on the Board. In its decision, the Board referred to "the Immigration Judge's adverse credibility finding" regarding Montes's testimony but the IJ made no such finding. The IJ expressed "concern" over inconsistencies in Montes's explanation of her reasons for coming to the United States but specifically stated that her testimony was not "incredible." Montes claims that this incorrect interpretation by the Board of the IJ's credibility finding is itself grounds for granting the Petition and remanding for reconsideration of Montes's eligibility for relief. We disagree. Even though it misread the IJ's credibility finding, the Board expressly "decline[d] to address" such finding and assumed Montes "was credible" when it determined that she "failed to meet her burden of establishing that she will be persecuted or tortured if returned to Guatemala." Because the Board assumed Montes was credible, its mistaken interpretation of the IJ's order was immaterial to its decision and therefore does not effect our review for substantial evidence.

## I.    Asylum and Withholding of Removal

The Attorney General may grant asylum to aliens who qualify as refugees. *See* 8 U.S.C. § 1158(a), (b). To qualify as a refugee, Montes must show that she

is unable or unwilling to return to Guatemala "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994) (quoting 8 U.S.C. § 1101(a)(42)(A)).  She must show she "has suffered past persecution or . . . has a well-founded fear of future persecution." 8 C.F.R. § 208.13(b).  Persecution is the "infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive (*e.g.*, race, religion, political opinion, etc.), in a manner condemned by civilized governments." *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (5th Cir. 1996) (internal quotation marks and citation omitted).  "The harm or suffering need not be physical, but may take other forms, such as the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life." *Id.* (internal quotation marks and citation omitted).

In order to find that the Board did not have substantial evidence in the record on which to base its decision denying Montes's asylum request, we must find that the evidence "compels" a different conclusion. *See Chen*, 470 F.3d at 1134.  The Board found that she "has not been persecuted in the past nor has she been specifically threatened, alleging only that her husband has been threatened by members of another family and in particular, a wealthy landowner who previously accused the respondent's brother-in-law of stealing cattle." *See generally Eduard v. Ashcroft*, 379 F.3d 182 (5th Cir. 2004).  The record shows that Montes made inconsistent statements regarding her reasons for leaving Guatemala and whether she had been personally threatened or if only her husband had been threatened.  Montes also admits that she was never physically harmed, that she left her three children and her sister-in-law in the same town in Guatemala, and that she never attempted to contact Guatemalan law enforcement regarding the threats.  Harassment and threats do not "ordinarily amount[] to persecution under the INA." *Id.* at 188; *see id.* at 187 n.4

(stating that persecution "requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm or significant deprivation of liberty" (quoting *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998))). We find there was substantial evidence for the Board to determine that Montes had not been persecuted in the past.

To show a well-founded fear of future persecution if returned to Guatemala, Montes must "have a subjective fear of persecution, and that fear must be objectively reasonable." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001). Montes must show that "a reasonable person in her circumstances would fear persecution," *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994), but such a showing is "negated if [she] can avoid persecution by relocating to another part of [her] home country." *Eduard*, 379 F.3d at 189. The Board stated that Montes "failed on this record to establish a well founded fear of future persecution" and that she "has not shown that she cannot relocate within Guatemala or that the government is unwilling or unable to protect her from the criminal 'pistoleros' with whom some of her family has come into contact." The Board decision expresses agreement with the IJ and cites the underlying order on these determinations, so we also look to the IJ's reasoning. The IJ found that Montes's failure to make any effort to seek help from the Guatemalan government was unreasonable and that the potential lack of governmental law enforcement did not clearly demonstrate the Guatemalan government would be unable or unwilling to protect her. The IJ also noted that she was willing to leave her three children and her sister-in-law in the same town and she had never even considered relocating to a different part of Guatemala. The IJ rejected the explanation that the Ponce family being well known throughout the country made living any place in Guatemala unsafe.

We find that there is substantial evidence supporting the IJ's reasoning and the Board's determination that Montes failed to establish past persecution

or a well-founded fear of future persecution if returned to Guatemala, and a contrary conclusion is not compelled by the record.  *See Lopez-Gomez*, 263 F.3d at 445; *see also Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1064 (9th Cir. 2006); *Setiadi v. Gonzales*, 437 F.3d 710, 713–14 (8th Cir. 2006).  Because Montes failed to sustain her burden of proof showing a well-founded fear of persecution caused or permitted by the Guatemalan government, we need not reach the question of whether Montes established that her familial relationships were "at least *one central reason for*" persecution.  *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (emphasis in original); *see* 8 U.S.C. § 1158(b)(1)(B)(i).

Because Montes failed to meet the burden for establishing eligibility for asylum, she also failed to satisfy the higher burden of showing that it is more likely than not that she will suffer future persecution if returned to Guatemala. 8 C.F.R. § 1208.13(b)(2)(ii); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); *see INS v. Stevic*, 467 U.S. 407, 413–26 (1984).

## II.    Protection Under CAT

To be eligible for protection under CAT, Montes has the burden of demonstrating that it is "more likely than not" that she will be tortured "by or at the instigation of or with the consent or acquiesce of a public official or other person acting in an official capacity" if returned to Guatemala.  8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Efe*, 293 F.3d at 907. A public official's acquiescence "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."  8 C.F.R. § 1208.18(a)(7).  We consider evidence of past torture; the ability to relocate within the home country; gross, flagrant and mass violations of human rights within the country; and other relevant information regarding conditions in the country. 8 C.F.R. § 1208.16(c)(3).

No. 09-60262

Montes claims she will be tortured by "criminal elements" if returned to Guatemala. However, she admits that she has never been physically harmed by the Ponce family, she left her three children and her sister-in-law in the same town in Guatemala and they have not been harmed, she never attempted to contact any government authority to seek protection, and she never even considered relocating within Guatemala. Agreeing with the IJ's reasoning, the Board found that Montes "has not shown that she cannot relocate within Guatemala or that the government is unwilling or unable to protect her from the criminal 'pistoleros' with whom some of her family has come into contact." We find there is substantial evidence to support the Board's determination and other evidence does not compel a contrary conclusion.

## CONCLUSION

We find that there is substantial evidence in the record to support the Board's decision to deny Montes asylum, withholding of removal, and protection under CAT. The Petition is DENIED.